## STATE v. WHITTLE.

1. AN EXCEPTION containing a quotation from a charge to merit consideration must contain but a single proposition, and that free from doubt as to what rule or principle of law has been violated.
2. CHARGE containing hypothetical statement of facts is not a charge on the facts.
3. FELONY.—CHARGE that, under the laws of Georgia, if a convict take a gun from a guard with intent to make good his escape, and not to appropriate it to his own use, is not robbery and not felony, is correct.
4. MISDEMEANOR.—CHARGE that selling liquor in Georgia, and escaping from chain-gang, are misdemeanors, is correct.
5. CHARGE—LAWS OF ANOTHER STATE.—Construction by Judge of laws of another State, is not a charge on facts.
6. MANSLAUGHTER properly defined in charge.
7. ARREST—FUGITIVE—ESCAPED CONVICT.—CHARGE covering the proposition that a fugitive from justice from Georgia is liable to arrest in this State by a private person without warrant, for such crimes as are punishable in Georgia by imprisonment for one year or more, was sufficiently comprehensive to cover all possible views of defendants' testimony.

Before ALDRICH, J., Lexington, September, 1899. Affirmed.

Indictment for murder against Clarence Clyde Whittle and Willis D. Berry. From judgment of Sessions Court, defendants appeal on following exceptions:

"I. Because his Honor erred in charging the jury as follows: 'In manslaughter, the killing is done without malice aforethought, either expressed or implied. Another definition of the term manslaughter is the unlawfull killing of a person in sudden heat and passion upon some sufficient legal provocation. Those terms explain themselves. You know what heat and passion is; you know that it is the boiling of the blood, becoming angry, when reason is dethroned, and temper, hot temper, gets the better of us; so that if one under the influence of heat and passion, and if that heat and passion be brought about by some sufficient legal provocation, kills a person who has given him this provocation, that would be manslaughter.'

"II. Because his Honor erred in charging the jury as follows: 'An unlawful arrest is a continuous assault, and the right to resist continues throughout the unlawful detention, and is not limited to the time at which it is attempted or accomplished, and the right of resistance may be exercised by another in behalf of the person detained as well as by himself, and with the force necessary to effect the release or escape of such detained person.' 'Well, gentlemen, that is correct, and I so charge you. I will explain somewhat the meaning of that. An unlawful arrest means the detention of a man, the depriving him of his liberty, and an arrest is either lawful or unlawful.'

"III. Because his Honor erred in charging the jury as follows: 'Now, those are the provisions which I desire to refer to just here. An officer in making an arrest does so under the process which he has in his hand, or under some law authorizing and directing him to make arrests. And just here, executive officers, I might say, under the Consti-

tution of our State, are elected for certain subdivisions of the State, and their jurisdiction and authority is limited to their counties. For instance, the clerk of this court or the sheriff of this county are officers of Lexington, and their jurisdiction, their authority, does not reach beyond the borders of the county. A sheriff of one county may under certain circumstances go beyond the limit of his county under the process of the law, when he complies with the law by getting his warrant properly indorsed and appointed, and authorized to go into that other county; but a sheriff of one county, simply as the sheriff of that county, has no jurisdiction beyond the limits of his county, and there it stops.'

"IV. Because his Honor erred in charging the jury as requested by the solicitor as follows: 'As to all violence beyond what is necessary for self-defense, or for the enforcement of some lawful authority, the defendant is liable as the aggressor.'

"V. Because his Honor erred in charging the jury as requested by the solicitor as follows: 'If a convict take a gun from a guard forcibly for the purpose of making safe his escape, but not feloniously with intent to appropriate the same to his own use, the offense would not be robbery and not a felony.' The same being upon the facts, and contrary to the laws of the State wherein the deceased was charged with the felony for which the defendants were attempting to arrest him at the time of the homicide.

"VI. Because his Honor erred in charging the jury the request of the solicitor as follows: 'If a person serving a sentence for a misdemeanor, enter into a conspiracy to make his escape, and not to commit murder, the offense is not a felony.' 'That is correct, and I so charge you. It means this: if a convict or person under sentence as for a misdemeanor is serving out that sentence, and enters into a conspiracy to make his escape, for the purpose of escaping and not to commit murder, the offense is not a felony—that is, a conspiracy to escape is one offense, a misdemeanor, a conspiracy to murder, is another offense, and of a higher

grade.' The same being upon the facts, and contrary to the laws of the State wherein the deceased was charged with the felony for which the defendants were attempting to arrest him at the time of the homicide.

"VII. Because his Honor erred in charging the jury as follows: 'A man cannot set up the plea of self-defense if he himself has brought about the trouble. As I explained to you, a man can only set up the plea of self-defense when he at the time was without fault, or did not bring about the trouble or difficulty.'

"VIII. Because his Honor erred in refusing to charge the jury the defendants' request as follows: 'That in considering whether the defendants were in actual danger of serious bodily harm, the law does not require of them the same deliberate exercise of judgment, which you, viewing the circumstances after the event and being in safety, can and will exercise.'

"IX. Because his Honor erred in modifying the defendants' request to charge, and not charging as it was, as follows: 'Although the defendants are required to establish their plea of reasonable necessity and self-defense by the preponderance or weight of the evidence; yet if the jury, after carefully considering all the evidence for and against the plea of self-defense, entertain a reasonable doubt as to where the weight lies, such doubt would be with reference to a material fact in the case, and they would be bound to acquit the defendants.'

"X. Because his Honor erred in not charging defendants' 15th, 16th and 17th requests, without any reference to the General Statutes or modification of said requests.

"XI. Because his Honor erred in not charging the jury as requested by the defendants as follows: 'It is sufficient to justify an arrest in this State by private persons, without warrant, to show that *prima facie* a felony has been committed in a sister State, and the party arrested is the perpetrator.'

"XII. Because his Honor erred in charging the jury as

follows: 'Under the law of the State of Georgia, the selling of liquor is a misdemeanor—the witness on the stand so testified—I think. The selling of liquor is a misdemeanor. Now, in Georgia, under the statute which was read to you, an assault with intent to kill a person, with the use of deadly weapon, is a case punishable under the Georgia statute for a period of more than—may be punished more than one year. The offense of robbery under the Georgia law is also an offense which may be punished by imprisonment for more than a year.' This being misleading as to what the law of Georgia is and also charging upon the facts."

*Messrs. Blease & Blease* and *J. B. Hunter,* for appellants, cite: *As to what constitutes an unlawful arrest:* I Hill, 327; Crim. Code, secs, I, 4. *Charge on facts:* 47 S. C., 518; 49 S. C., 285, 496, 556; 51 S. C., 453; 53 S. C., 51.

*Solicitor J. Wm. Thurmond,* contra, cites: *Exceptions too general:* 55 S. C., 372; 44 S. C., 548; 42 S. C., 125. *Charge correctly defines manslaughter:* 33 S. C., 594. *As to violence beyond necessity:* I S. C., 292. *Charge on hypothetical facts, not charge on facts:* 46 S. C., 360. *As to law of self-defense:* 28 S. C., 29; 33 S. C., 84. *As to when private person may arrest for felony in another State:* I Hill, 327; 24 L. R. A., 859. *Sheriff cannot arrest by deputy without warrant in possession of deputy:* 8 L. R. A., 529. *As to how arrests may be made:* 17 S. C., 58; 36 S. C., 493; 9 S. C., 315; 22 Stat., 809. *Resisting unlawful arrest:* 53 S. C., 150.

February 25, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendants were indicted for the murder of William Henry Johnson, and were convicted and sentenced for manslaughter. They sought to excuse the killing on the ground of self-defense, in a lawful attempt

to arrest Johnson without warrant, as a fugitive from Georgia for crime. It seems from the portions of the testimony printed in the brief, that Johnson, in November, 1898, was on a chain-gang in Georgia, serving a sentence for selling liquor without a license; that he, with other convicts, assaulted the guard, one of the other convicts using an axe; that they took from the guard his rifle and pistol, and that Johnson escaped into South Carolina. It appears that Whittle, who was deputy sheriff of Saluda County, received information of this, and that Johnson was near Batesburg, in Lexington County. Not deeming it necessary to secure a warrant for the arrest of Johnson, notwithstanding there was ample time and opportunity therefor, Whittle, with Berry to assist, without a warrant, went into Lexington County to arrest Johnson. They found Johnson at or near Batesburg, in Lexington County, and with drawn pistols laid hands on him, without declaring the purpose of the arrest, and without Johnson demanding the same. Up to this point, Johnson made no resistance, and on demand delivered to Whittle his pistol. Defendants then endeavored to handcuff Johnson, whereupon he protested and struggled to prevent. At this stage, the mother and wife of Johnson appeared, calling upon defendants to turn him loose. The wife struck Whittle with a stick and the mother struck Berry with a stick. Then the mother secured a hammer and with it struck Berry on the head. According to the testimony for the State, when Berry was struck with the hammer, he turned Johnson loose, then seized him again, when Johnson either pushed or struck him with his arm or fist, whereupon Berry shot Johnson, and that then, as Johnson was falling, Whittle stooped down and shot him. According to the testimony for the State, Johnson was unarmed. Whittle testified that Berry did not shoot, but that he, Whittle, shot Johnson, and that he considered his life in danger at the time. Whittle testified: "When she (the mother) hit Berry with the hammer, Johnson hit him at the same time with his fist, staggered him a little from Johnson.

Johnson took a pistol out of his right hand front pants pocket, and Berry grabbed back for pistol with his hand; when he grabbed, the pistol went off, then I shot Johnson."

The exceptions, which are reported herewith, all appertain to the charge to the jury. Some of these exceptions are faulty in failing to specify what particular rule or principle of law was violated by the Judge in his charge to the jury. It has been several times held that this Court is not required to pass upon an exception which merely, in general terms, complains of error in a quoted portion of the charge, without specifying wherein the error consists. *Finley* v. *Cudd,* 42 S. C., 125; *Vann* v. *Howle,* 44 S. C., 546. It is only when the quoted portion of the charge contains but a single proposition, that an exception complaining of error therein may be deemed sufficient to authorize a consideration of that proposition; and even then there must be no room for speculation as to what particular rule or principle is alleged to have been violated.

We will first notice the 5th, 6th and 12th exceptions, which complain that the quoted charge was (1) in respect to matters of fact, and (2) contrary to the law of Georgia, wherein the deceased was charged with felony; for which the defendants were attempting to arrest the deceased at the time of the homicide. The charge objected to in the 5th exception was: "If a convict take a gun from a guard forcibly for the purpose of making safe his escape, but not feloniously with intent to appropriate the same to his own use, the offense would not be robbery and not a felony." This charge was upon a hypothetical statement of facts, which it has frequently been held is not a charge in respect to matters of fact, in violation of the Constitution prohibiting the same. Nor was the charge contrary to the law of Georgia as to felony. It appears from the Criminal Code of Georgia, offered in evidence by the defendants, sec. 151, that "Robbery is the wrongful, fraudulent and violent taking of money, goods or chattels from the person of another by force or intimidation, without

the consent of the owner." By this statute, as at common law, it is essential to the crime of robbery that the taking shall be *"from the person"* of another. As the facts hypothetically stated did not necessarily include a taking from the person, the charge was not erroneous, even if, under the Georgia statute, the *animus furandi* is eliminated as an essential element of robbery.

The charge complained of in the 6th exception, viz: "If a person serving a sentence for a misdemeanor enters into a conspiracy to make his escape, and not to commit murder, the offense is not a felony," was also upon a hypothetical statement of facts merely. Nor was it shown that by the law of Georgia a conspiracy to escape from serving under a sentence for a misdemeanor is more than a misdemeanor. On the contrary, it appears in the brief, that escaping from a chain-gang under sentence for selling liquor, is in Georgia a misdemeanor, and punishable not exceeding one year on the chain-gang. It further appears by sec. 2, Criminal Code of Georgia, offered in evidence, that "the term felony means an offense for which the offender on conviction shall be liable to be punished by death or imprisonment in the penitentiary, and not otherwise." From these it does not appear that there was any error in the charge as complained.

Nor do we think the 12th exception is well taken. It appeared as an undisputed fact that selling liquor without a license is a misdemeanor in Georgia. While it is true that what is the law of another State is a fact to be proven, *Horne* v. *McRae,* 53 S. C., 51, yet it is not a charge upon the facts for the Court to construe the language of documentary evidence such as the statutes of another State.

We will next consider whether the Court committed error in charging as to the law of self-defense, as complained in the seventh and eighth exceptions. The jury were clearly instructed, substantially, in accordance with the well settled rule in this State, that in order to make out a

case of self-defense, it is necessary to show (1) that the accused believed it necessary to take his assailant's life in order to save his own life, or to avoid serious bodily harm, (2) that the circumstances were such as in the opinion of the jury warranted such a belief in a person of ordinary firmness and prudence when situated as the accused, (3) the accused must be without fault in bringing about the difficulty. The matter objected to in the seventh exception was free from error, and the Court did not refuse to charge as complained in the eighth exception; but, on the contrary, charged the same with an explanation in conformity with the second element of self-defense, as stated above, viz: that in determining whether defendants were in danger of serious bodily harm, the jury were to inquire whether a man of average sense and disposition, under circumstances as those surrounding defendants, would have acted as did the defendants.

In reference to the ninth exception, the Court did not substantially modify the request quoted in the exception; but, on the contrary, repeatedly instructed the jury that in considering the whole case, they must give the defendants the benefit of any reasonable doubt, and acquit if such doubt existed.

We will next consider whether there was prejudicial error in the instructions as to the right of a private person to arrest without warrant any one who is a fugitive from another State charged with crime. The tenth and eleventh exceptions touch this matter. The jury were instructed, in the language of the act of 1898, 22 Stat., 809, amending sec. 1, Criminal Statutes, so as to read: "Upon view of a felony committed, or upon certain information that a felony has been committed, or upon view of a larceny committed, any person may arrest the felon, or thief, and take him to a Judge or magistrate, to be dealt with according to law." The jury were also instructed, in the language of sec. 4, Criminal Statutes, providing that "Any officer in this State authorized by law to issue warrants for

20—59

the arrests of persons charged with crime, shall, on satisfactory information laid before him, under the oath of any credible person, that any fugitive in the State has committed out of the State and within any other State any offense which by the law of the State in which the offense was committed is punishable either capitally or by imprisonment for one year or upwards in any State prison, shall have full power and authority, and is hereby required, to issue a warrant for said fugitive, and commit him to any jail within the State for the space of twenty days, unless sooner demanded by the public authorities of the State wherein the offense may have been committed, agreeable to the act of Congress in that case made and provided, &c." The Judge charged defendants' 15th, 16th and 17th requests to charge as follows: "15. An officer or a private individual may lawfully arrest without a warrant one whom he has reasonable grounds to suspect of having committed a felony. 16. An officer or a private individual may also arrest without a warrant a person upon suspicion of felony, upon the information of a third person. 17. An officer or a private citizen may lawfully arrest without a warrant one whom he has reasonable grounds to suspect of having committed a felony, and it is immaterial whether the suspicion arises out of information given by another, or whether it arises out of the officer's own knowledge." When charging these requests of defendant, the Judge said he charged them in connection with the law which he read from the statute. Then, in connection with defendants' eighteenth request, which was: "An individual without a warrant, acting in good faith, may arrest a particular individual for having committed a felony in a sister State on an occasion already passed," the Judge, referring to the provisions of sec. 4 of the Criminal Statutes, quoted above, instructed the jury that any one liable to be arrested as a fugitive from justice by warrant, might be arrested by a private person without warrant, from necessity and sound policy, on showing that *prima facie* a felony or some crime punishable, either capitally or by imprisonment

for one year or upwards in a State prison, was in fact committed, and the prisoner was the perpetrator. Then, responding to defendants' nineteenth request, which is embodied in the eleventh exception, the Judge charged it, merely substituting for the word felony, "any offense which by law of the State in which the offense was committed is punishable, either capitally or by imprisonment for one year or upwards in any State prison." This charge was quite as favorable for the defendants as they could possibly ask; since, under it, they were allowed to show that the deceased was liable to arrest by a private person without warrant for such crimes committed in Georgia, as were punishable by imprisonment in a State prison for one year or more, which would include robbery, grand larceny, assault with intent to murder with a deadly weapon, and was sufficiently comprehensive to cover any possible view that the jury could take of the evidence offered by the defense.

We think that the exceptions fail to present any proper ground for reversal of the judgment of the Circuit Court, and such judgment is, therefore, affirmed.