## 7451

### STATE v. CHASTAIN.

1. CHARGE.—There is no evidence here showing the jury disregarded the instruction that one has the right to interfere in behalf of another dangerously assaulted.
2. MANSLAUGHTER.—In the absence of a request for fuller definition an instruction that the only difference between murder and manslaughter is the killing in manslaughter is without malice is not error.
3. SELF-DEFFNSE.—One of the essential elements of self-defence, that defendant has no other probable means of escape, is embodied in the element that there must be a necessity to kill.
4. IBID.—CHARGE.—The rule requiring the plea of self-defense to be established by the preponderance of the evidence—a defendant setting up such plea cannot complain if the trial Judge does not instruct the jury that one of the elements of self-defense is that defendant must have no other probable means of escape.
5. IBID.—IBID.—REQUEST.—A defendant desiring an instruction to the effect that one dangerously assaulted need not at his peril attempt to retreat must so request.

Before DANTZLER, J., Greenville, May term, 1909. Affirmed.

Indictment against Robert Chastain for murder, defendant appeals from sentence.

*Messrs. Martin & Martin,* for appellant. *Mr. J. R. Martin* cites: *One may strike in defense of another in serious*

*danger:* 2 Hill, 623. *An element of self-defense is that one dangerously assaulted need not retreat:* 71 S. C., 145; 73 S. C., 260; 29 S. C., 44, 202; 32 S. C., 30, 32 S. E., 772. *No malice or anger here:* 2 Hill, 619; 10 Rich., 341; 28 S. C., 29, 32 S. E., 772.

*Solicitor P. A. Bonham,* contra. Oral argument.

February 23, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. Under an indictment charging the defendant with murder, the jury rendered a verdict of manslaughter, and he was sentenced to imprisonment in the penitentiary for a term of eight years.

The defendant made a motion for a new trial, upon grounds hereinafter set out in his exceptions, which was refused.

He then appealed upon the following exceptions:

I. "The presiding Judge erred in refusing defendant's motion for a new trial. Specifications: (a) Verdict was clearly against the weight of the testimony. (b) Jury disregarded charge, that defendant has a right to interfere in behalf of one seriously assaulted. (c) Error in charging law of self-defense. (1) In failing to charge that one dangerously assaulted need not at his peril attempt to retreat; (2) and in charging only the first three elements of such plea.

II. "The presiding Judge erred in charging the law of self-defense. Specifications of error: (1) In failing to charge that one in imminent danger is not required to retreat unless there is a probable means of escape. (2) In charging as follows: 'And three essential elements constitute self-defense.' Whereas, it is submitted, that 'If defendant has no other probable means of escape,' is an essential element in the law of self-defense, and should have been charged.

III. "The presiding Judge erred in charging law as to

manslaughter, there being no evidence making such charge relevant.

IV. "The presiding Judge erred in charging the law as to manslaughter, in that he failed to charge, (1) that it was the taking of the life of another in sudden heat and passion, upon a sufficient legal provocation, (2) in charging substantially, that the only difference between murder and manslaughter, was, that in murder, malice existed, and in manslaughter, malice was absent."

The appellant's attorneys argued the exceptions under three heads: (1) "That the jury disregarded the Judge's charge, that one had a right to interfere in behalf of another dangerously assaulted."

The exception fails to specify in what particulars the jury disregarded the Judge's charge in this respect. But waiving such objection, we are unable to discover any testimony from which such inference can reasonably be drawn.

The exception raising this question is overruled..

(2). "That the Circuit Judge erred in declaring the law as. to manslaughter, in that he failed to charge the jury that it was killing in sudden heat and passion on sufficient legal provocation, and instructing the jury that the only difference between murder and manslaughter was, that malice was present in murder, and absent in manslaughter."

Manslaughter, as defined in section 120 of the Criminal Code, is the unlawful killing of another without malice, expressed or implied.

His Honor, the presiding Judge, charged the jury that there were two forms of felonious homicide—murder and manslaughter—and after defining murder, said to the jury: "Manslaughter is the other form of felonious homicide, and it is the unlawful killing of another without malice aforethought, either expressed or implied." If the appellant desired a further definition of manslaughter, it was his duty to present requests embodying such proposition. *State* v.

*Adams,* 68 S. C., 421, 47 S. E., 676; 66 L. R. A., 723; *Jennings* v. *Mfg. Co.,* 72 S. C., 411, 52 S. E., 113; *Williams* v. *Ry.,* 76 S. C., 1, 56 S. E., 652; *State* v. *Thompson,* 76 S. C., 116, 56 S. E., 789; *Snipes* v. *Ry.,* 76 S. C., 208, 56 S. E., 959; *Morrison* v. *Ass'n.,* 78 S. C., 398, 59 S. E., 27.

This exception is overruled.

(3). "That the Circuit Judge erred in charging the law of self-defense, in that he instructed the jury only three elements constitute such plea, and in failing to charge, that one dangerously assaulted need not, at his peril, attempt to retreat."

There are two assignments of error under this head. The first is: "That the Circuit Judge erred in charging the law of self-defense, in that he instructed the jury only three elements constitute such plea."

In the case of *State* v. *Whittle,* 59 S. C., 297, 37 S. E., 923, the Court says: "The well settled rule in this State is that in order to make out a case of self-defense, it is necescary to show, (1) that the accused believed it necessary to take his assailant's life in order to save his own life, or to avoid serious bodily harm, (2) that the circumstances were such as, in the opinion of the jury, warranted such a belief in a person of ordinary firmness and prudence, when situated as the accused, (3) the accused must be without fault in bringing about the difficulty."

The presiding Judge charged that three essential elements constitute self-defense, and proceeded to enumerate the three elements, mentioned in *State* v. *Whittle,* 59 S. C., 297, 37 S. E., 923. The appellant contends he should have charged that, "if defendant has no other probable means of escape," is an essential element of the law of self-defense, and relies upon the case of *State* v. *Thrailkill,* 71 S. C., 136, 50 S. E., 551, in which the Court says: "The absence of other probable means of escape is an essential element of the plea of self-defense."

But the Court in the case of (*State* v. *Thrailkill, supra,* after quoting with approval the language which we have just quoted from the case of) *State* v. *Whittle,* also charged: "It is clear that the necessity required is not shown, without proof that there was no probable means of escape," thus showing that this element is included in the proposition, that there must be a necessity to kill.

There is another reason why this assignment of error can not be sustained.

The rule is well settled in this State, that where self-defense is pleaded to an indictment, the defendant must establish it by the preponderance of the evidence. (Though, of course, the guilt of the accused, from a consideration of all the testimony, must appear beyond a reasonable doubt.) *State* v. *McDaniel,* 68 S. C., 304, 47 S. E., 384.

As the burden rested upon the defendant to show that he had no other probable means of escape, he certainly has no right to complain, if his Honor, the presiding Judge, did not require him to prove such fact, in establishing his plea of self-defense.

The second assignment of error on the part of the presiding Judge under this head is, "in failing to charge that one dangerously assaulted need not, at his peril, attempt to retreat."

The authorities hereinbefore cited show that if the appellant desired this instruction to the jury, he should have presented a request to that effect.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.