16766

STATE v. PRIMES

(77 S. E. (2d) 193)

*Messrs. Herbert Britt* and *William J. McLeod,* of Dillon, *for Appellant,*

*Messrs. R. L. Kilgo, Solicitor,* of Darlington and *Sidney S. Tison, Jr.,* of Hartsville, *for Respondent,*

July 28, 1953.

BAKER, Chief Justice.

At the November (1950) term of the Court of General Sessions for Dillon County, the appellant was tried upon an indictment charging her with the murder of her husband, Arkemis Primes. She was convicted of manslaughter and sentenced to imprisonment for a term of five years; and now comes to this Court upon several exceptions which present, as stated in her printed brief, two questions. These are:

"First, did the trial judge err in refusing to grant motion for a directed verdict as to murder; and second, did the trial judge err in charging the law of self-defense in failing to charge the element of retreat when so requested by the appellant."

It appears that the appellant, Lois Primes, in the company of her husband and another couple riding with them, had attended a fish supper on the night of the homicide where

the husband apparently was attracted to another female there present. After remaining there for a short space of time, the deceased and the appellant left the supper, accompanied by the couple who had gone with them in the automobile of the deceased, and went to the home of the mother of the deceased. When the deceased drove his car into the yard, he asked the appellant to get out "and stay there while he * * * was * * * away at a 'hot supper' presumably with one of his numerous lady friends." When she refused, the deceased pulled her out of the car and the fight ensued. It was in this fight that the appellant cut the deceased with a knife and, as a result of this wound, he died soon thereafter. The testimony is not reported in full, but the foregoing is a substantial statement of the facts appearing in the record.

Appellant does not rely too strongly upon her exceptions alleging error in the submission to the jury of the issue of murder, and rightly so. The testimony, as reported, is replete with matters from which malice could be inferred, and from which a failure of just cause for the act of the appellant might be deduced. Suffice it to say that the evidence here is such as to come within the definitions of "malice aforethought" as stated in *State v. Gallman,* 79 S. C. 229, 60 S. E. 682; *State v. Milam,* 88 S. C. 127, 70 S. E. 447; and *State v. Harvey,* 220 S. C. 506, 68 S. E. (2d) 409.

The appellant made two requests to charge dealing with the law of retreat as follows:

"(a) I charge you that the right of self defense is recognized by the law; a man's duty is to defend himself; and he is not bound to endanger himself by retreating. Retreat from an assault may be impossible, or more perilous than to stand ground, and it is not, therefore, always a condition which must precede killing in self defense. Nor need a person assaulted by another retreat, though for the time being he or she might escape, where he or she has reason to believe, and does believe, and a person of ordinary prudence and cour-

age under like circumstances would be justified in believing that his or her assailant will continue to seek opportunity to kill him or her, or render him or her serious bodily harm, with increased effort to succeed until he has accomplished his object.

"(b) Where an assault, though made in the course of a sudden·quarrel, or upon a sudden encounter, or in a combat in a sudden quarrel, or in anger suddenly aroused at the time the assault is made, is so fierce as to make it apparently as dangerous, or more dangerous, for the person assaulted to retreat as it is to stand ground, it is not his or her duty to retreat, but he or she may stand his or her ground, and, if necessary to save his or her own life or prevent great bodily injury, slay his or her assailant."

Both of the above requests were refused by the trial Judge, and the exceptions of the appellant give rise to the second question above.

The trial Judge in his charge upon the elements of self-defense stated that the appellant must prove by the greater weight of the evidence the lack of fault in bringing on the difficulty, the honest belief of imminent danger of losing her life or suffering serious bodily harm, and such circumstances as would justify "any other person of ordinary reason, calmness and prudence" in believing himself in such imminent danger. In connection with both the first and the second of the above elements, the Court directed the attention of the jury to the rule of necessity or apparent necessity, stating: "* * * for the plea of self-defense is based upon necessity or apparent necessity, and a person cannot be responsible for bringing on a difficulty and then claim the plea of self-defense." Also, continued the trial Judge when charging upon the belief in imminent danger: "Again you will notice, Mr. Foreman and gentlemen, the basis of the plea is necessity. Now that necessity can be real or apparent." It will therefore be seen that the element of retreat had been impliedly charged inasmuch as a proof of necessity or apparent necessity could not be shown without at the same time

proving the lack of a probable safe means of escape. As was stated in *State v. Thrailkill*, 71 S. C. 136, 50 S. E. 551, 554, and quoted with approval in *State v. Chastain*, 85 S. C. 64, 67 S. E. 6: "It is clear that the necessity required is not shown without proof that there was no probable means of escape."

Further, as pointed out in *State v. Chastain, supra*, a defendant cannot complain of a failure to place upon him a burden of showing the jury that he had no probable means of escape, for he has in no way been prejudiced.

In *State v. Cleland*, 148 S. C. 86, 145 S. E. 628, where the owner of a farm was convicted of manslaughter in the killing of a share-cropper on said farm while the share-cropper was standing in the porch to a home he and his family were occupying on said farm, it was held that a failure to charge that the defendant (the owner) was under no duty to retreat was not error, this Court stating that the charge was more favorable to the defendant than he was entitled to. A request to charge very similar to that quoted above as "(b)" was refused in *State v. Folk*, 167 S. C. 529, 166 S. E. 611, 613. There, the Court reasoned: "As the charge made was more favorable to the defendants than they were entitled to under the law, they have no cause for complaint. See *State v. Cleland*, 148 S. C. 86, 145 S. E. 628."

The appellant, who incidentally was not entitled to be placed in the category of one on his own premises, not being at her home, cannot be said to have been prejudiced by the failure to require her to be more elaborate in her proof of the necessity of taking life by proving she had no other probable means of escape.

For the foregoing reasons, all exceptions are overruled and the judgment and sentence appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.