Overton j.
 

 The case of Sintsenick vs. Lucas, in principle certainly does not apply to this. It is true with respect to juidicial proceedings, that the subject of any prior adjudication, cannot be re-examined, unless in due course of law by appeal, or writ of error; but to make the record of a former judicial proceeding a bar and conclusive, it should appear that the particular point in discussion had been formerly examined and decided. If it should not appear that the point had been previously an object of judicial enquiry, and determination, yet consistent with the precedents and books of entries, it would seem to me, that it may have been determined, for instance under the common count for goods, wares and merchandize sold and delivered and for work and labour done, it cannot appear what particular articles were
 
 *87
 
 subjudice.
 
 *
 
 This, as to the plea of a former recovery, it would seem to me, should be the subject of averment, and open to proof; and so it would seem as to such a plea, or one in its nature similar; which perhaps may be sustained in any action hereafter brought by the defendant against the plaintiff, upon the ground of the false representation; provided the evidence is now admitted.
 

 But if not pleadable according to the principles of law, it surely may be given in evidence under the general issue, where the action is bottomed on matter of parol contract, and the nature of the defence could not be otherwise than known to the plaintiff, as the nature of the contract, or special notice. On this, however it is not necessary to give any absolate opinion: The case Esp. Rep. seems perfectly consistent with these principles. In that case evidence was objected to, because the matter in dispute might have been given in evidence in mitigation of damages in a former suit between the same parties, but there, we find the objection was overuled, and with propriety, because it did not appear to the court, that the subject matter of that action had been investigated in a former one. Inferences from this and other cases, result in the position as it strikes me, that in the equitable action of assumpsit, whether a former determination has been had or not is open to proof where the record is not precise in disclosing the fact. The good of the public as well as the principles of the common law are opposed to circuity of action, and it certainly comports with the maxim expedit reipublicae ut finis aliquis sit lilium, that the evidence should be admitted and that either by plea or proof under the general issue: the now plaintiff may avail himself of the recovery made in this action by liquidation and discount.
 
 *
 
 Under these impressions, I am of opinion, that the evidence is proper for the Jury.
 

 White j.
 

 —Doubted, upon which the discussion was continued by Stewart and Wharton for plaintiff, and by Hamilton and Barry for defendant ; after which White, j.—Said the doubt which existed with him was whether the plaintiff in this action could in
 
 *88
 
 an action which be hereafter commenced by the defendant shew satisfaction by a reduction of the damages in this—Public utility seems clearly to require, that if justice can be done as well in one action as by having two, that is should be the case—None of the authorities shew that the evidence ought not to be admitted, and the general principles which govern actions upon the case founded upon contract, are evincive in my opinion, that matters which go in mitigation of damages in most instances should be admitted in evidence.
 

 Hamilton and Barry, in reply,
 

 contended that the evidence sufficiently shewed, that it was the intention of the plaintiff to represent the negro sound at the time of sale, but if it were not clear that such was his meaning, the law would imply a warranty as the plaintiff had contracted for a full and sound price.
 
 (3)
 

 This I take to be one of those cases, and as it seems to me, that the plaintiff in this action may by plea containing proper averments repel any claim to be hereafter exhibited against him by the defendant, upon the representation, I am of opinion the evidence should be admitted.
 

 *
 

 See 7 John 20. 5 Wil. Ed. Bac Ab 443. n.
 

 *
 

 See 5 Wil. Ed. Bac Ab 443 n. 7 East 479. Peak's Cas. 59. Camp. NP. Rep. 33 124 190. 1 John. 124. Add. Rep. 124.