Humphreys, j. and Overton, j.
 

 The plaintiff
 
 *486
 
 ought to recover on his general count, otherwise he might be without remedy. In this case, it is not even pretended, that the defendant has attempted to comply with his part of the agreement. The plaintiff may put an end to it, throw it out of view and recover the value of his corn which he has delivered. In this case the witness did not appear to be positive, as to what was said by the plaintiff respecting the special agreement. We consider this evidence as coming from the part of the defendant; under such circumstances, there would be an extreme hardship in turning the plaintiff out of court without redress. Suppose this case—a special agreement is entered into, the plaintiff declares on it truly, conforms his proof to his pleading; the defendant produces proof, shewing that the agreement was different in some respects, but no proof as to a compliance with the agreement on his part. The plaintiff has paid the consideration; the jury believe the testimony on the part of the defendant, with respect to the special agreement. In such case ought the defendant to defeat the plaintiff of all remedy? We think not. Be the agreement what it may, and the plaintiff who has paid the consideration, falls short in proving some of the terms of the contract, or where there are small variations in proof, he ought to be allowed for justice sake, to resort to his general count. But not so, where an agreement altogether of a different nature, is stated in the declaration. Which might occasion surprise.
 
 (a)
 
 ,
 
 *
 

 Powell, j. of a different opinion.
 

 (a)
 

 See Bull. N. P. 139. 4 Mas. & Pull. 351. 4 John. 280. 2 Wash. 172. 7 John. 132. 3 Cr. 186.
 

 *
 

 In Lawe’s pleadings on assumpsit, page 4, 5, it is settled, that a person after failing in his special count, may resort to his general one. Note—no time nor place was specified in the agreement, when and where the castings should be delivered. The plaintiff proved, he had requested a compliance at a particular place.
 

 Powell, j. and Overton, j. (absent Humphreys, J.) This was correct. The plaintiff had a right tor point out the time and place any where within the state, this case standing on the principles of the common law. Litt. Sect. 340, 341. Vide acts of 1807, ch. 95, s. 1, where an alteration the common law principle to a certain extent, may be seen.