# JACKSON, APRIL TERM. 1851.

NATHAN GREEN,
ROBERT J. MCKINNEY, } *Judges.*
ARCHIBALD W. O. TOTTEN,

---

## JOHN D. DEBERRY *v.* JOHN YOUNG.

### CONTRACT. *Quantum valebat. Damages.*

Where A. agreed for $100 to put a water-wheel into B'.s mill which would, with a certain head of water, cut 1500 feet per day, *held*,

1. That if the wheel benefited the mill, but not to the extent agreed upon, the plaintiff would be entitled to recover in proportion to the extent of the benefit conferred as compared, with that promised.

2. That if the wheel was a positive injury to the mill, the defendant would be entitled to recover in a cross action to the extent of the injury.

The case is stated in the opinion of the court.
MCKINNEY, J. :

Young, the plaintiff in the action, declares in the second count upon a contract to the effect, that for the sum of $100,00 he would make and put in a water wheel to a saw mill of the defendant, which would cause said mill to cut 1500 feet of lumber per day, with a head of five and a half feet of water—which head of water the defendant undertook to supply. This action is brought to recover said sum of one hundred dollars.

If, in accordance with the contract, the wheel was so constructed and attached to the mill, that on the stipulated head of water being supplied by defendant, and proper attention on his part, the mill would have cut 1500 feet per day; and its failure to do so was in consequence of the defendant's neglect to perform his duty, the plaintiff would be entitled to recover the full amount agreed to be paid.

But if without fault or breach of the contract on

Deberry v. Young.

the part of the defendant, the mill did not perform according to the plaintiff's undertaking by reason of his unskilfulness, negligence, or failure to do all that on his part he was bound to do, whether he would be entitled to recover, and if so to what extent, would depend upon circumstances.

If the value of the mill to the defendant was in no respect increased by the plaintiff's labor and materials furnished—that is to say, if it would not cut more lumber 'after the new wheel was attached than before, the plaintiff would not be entitled to recover any thing.

And if, in fact, the mill was really injured; that is, made less valuable or incapable of cutting as much as before; to the extent of the damage thus sustained, the defendant would be entitled in a cross action, to recover damages from the plaintiff. (1) But if the mill was made to saw more than before, by reason of the attachment of the new wheel, though not the quantity promised by the plaintiff; to the extent that the defendant was thereby benefited, by the labor and materials of the plaintiff, retained and used by the defendant, the plaintiff would be entitled to recover in this action; and the

(1) Hughs v. Cannon, 1 Sneed 622; Pettee v. Tenn. Mfg. Co., 1 Sneed 381; Whittaker v. Pullen, 3 Humph. 476-468; Porter v. Woods, 3 Humph. 56,62; Elliott v. Wilkinson, 8 Yerg. 411-416; Irwin v. Bell, 1 Tenn. 485; Stump v. Estill, Peck, 175; Harrison v. Chilton, 5 Yerg. 293,4; Crouch v. Miller, 5 Humph. 586,7; Sample v. Lomey, 1 Tenn. 85, 89.

As to compensation for improvements made by disseizee in certain cases, see Townsend v. Shipp's heirs, Cooke, 294; Act of 1813, ch. 24; (Code 3259-3261; ) Bristo v. Evans, 2 Tenn. 341; McKinly v. Holliday, 10 Yerg. 477; Mathews v. Davis, 6 Humph. 324; Jones v. Perry, 10 Yerg. 59; Avent v. Hord, 3 Head. 459. And see King's Digest, Titles, Rents and Improvements, where the decisions upon the right to recover for improvements upon another's land, as well as the statutes of Tennessee on this subject are digested.

measure of the recovery should be the extent of the benefit actually conferred upon the defendant, compared with the benefit stipulated for by the contract.

The judgment will be reversed on the ground that the legal principles governing the case are not stated in the charge of the Circuit Court with sufficient accuracy; and the cause be remanded for a new trial.

