# AT KNOXVILLE, SEPTEMBER TERM, 1855.

ROBERT J. McKINNEY,
ROBERT L. CARUTHERS,      } *Judges.*
ARCHABALD W. O. TOTTEN,

## THOMASON *v.* RICE and McFARLAND.

PRACTICE AT LAW.—*Trespass.   Spliting Cause of Action.*

1.  Where the injury complained of is continuous, so as to constitute trespass and one cause of action; such cause, cannot be split so as one to entitle the plaintiff to maintain separate actions. (1)

2.  SAME.—*Res Judicata.*  Hence, if a plaintiff sues for a part only of an entire cause of action, and obtains judgment, he cannot afterwards sue for the remaining part.   (2)

3.  SAME.  *Remedy in such case,*  The plaintiff must be ready at his peril when he comes to trial, and if he fail through accident or fraud, he may procure a new trial, or take a non-suit and sue again.

4.  SAME.—And so, if suit is brought for the entire cause of action, and the plaintiff fails from any cause to recover for the whole, he cannot afterwards bring a separate suit as to that part for which he failed to recover in the first instance.

5.  SAME.—And if the former suit was brought for several trespasses, which though distinct acts, had been joined in one suit; and as to all which, evidence had been offered to the jury, the failure of the plaintiff to recover for some of the trespasses thus united in one suit, no matter what the cause of such failure, would form no ground upon which to found a second action.

This is an action of trespass, *quare clausam fregit*, from the Circuit Court of Grainger county, determined at the April term of said court, 1854.   Judgment for plaintiff, and defendant appealed in error to this court.

Turley for plaintiff in error.

Heiskell for defendant in error.

McKinney J., delivered the opinion of the court.

This was an action of trespass *quare clausam fregit*, brought by Rice and McFarland against Thomason, in the Circuit Court of Grainger, on the 6th of September, 1852.—The declaration charges, that " on the 4th day of April, in the year 1850, and on divers other days and times. between that day and the commencement of the suit," the defendant entered the plaintiffs close, and cut five hundred timber trees, of the value of $100.00, and made, and carried, away ten thousand rails, of the value of $100.00, &c. Pleas, not guilty, and the statute of limitations. Verdict and judgment in favor of the plaintiff, for $20.00, and an appeal in error by the defendant to this court.

It appears from the bill of exceptions, that a former action of trespass was commenced by Rice and McFarland against Thomason, on the 4th day of April, 1850, to recover damages for trespasses committed upon the same land; and on the trial of said action, the plaintiffs recovered judgment for $8.00, on the 30th of August,.1852.

On the trial of said former action, the plaintiffs introduced Joel Thomason, (son of the defendant,) as a witness in their behalf, to prove the trespasses charged in the declaration. He proved that rails had been made by the defendants on the land of plaintiffs, both before and after the day on which said former suit was commenced; but that the greater part were made *after that day*. Upon this proof, the plaintiffs recovered for only a part of the injury com-

Thomason v. Ri     and McFarland.

plained of in said action. And, thereupon, they commenced the present action to recover damages for that part of the injury which, according to the swearing of the witness Thomason, was committed after the institution of the former suit. On the trial of the latter case, the plaintiffs again called said Joel Thomason, as a witness on their behalf, to prove their cause of action, as stated by him on his examination in the former suit. But on the latter examination he stated, in substance, that after the close of his examination in the former trial, on retiring from the court house, the defendant satisfied him that he was mistaken in the statement, that any rails had been made after the institution of the former suit, and that he was convinced of the mistake; and then asserted, that no rails had been made after the commencement of said suit.

This statement of the evidence is sufficient to present the question made in the cause, without noticing the other testimony.

The jury were instructed, in substance, that the judgment in the former action would be conclusive, in the absence of fraud, as to all trespasses committed prior to the commencement of that suit, and that the force and effect of that judgment would not be defeated by a mere *mistake* of the witness, Thomason, on his examination in the first suit. But, that if the defendant had fraudulently elicited false testimony from said witness, to estatablish, that part of the trespasses complained of were committed after the commencement of that suit, for the purpose of defeating, to that extent, the plaintiffs recovery; and had fraudulently set up, and relied upon that ground of

defense; that then the plaintiffs would not be precluded, by the former judgment, from recovering, in the present action, for such trespasses as were thus falsely and fraudulently represented to have been committed after the institution of the former suit, and which, for that reason, had been excluded from the consideration of the jury,—provided such trespasses were committed within three years before the commencement of the present suit.

The question for our consideration is,—whether or not the legal principles governing the case, were correctly stated in the foregoing instructions.

It will be observed, that the present action was brought upon the assumption that the injury for which a recovery is sought, was, in point of fact, committed subsequently to the institution of the former suit; but the fact appearing to be otherwise on the trial, according to the testimony of the witness Thomason, the court stated the law to be, that if the plaintiffs were defeated from recovering for part of the injury complained of in the former action, not by an unintentional mistake on the part of the witness, but by fraud and subornation of perjury on the part of the defendant, notwithstanding the former judgment they would be entitled to recover, in the present action, to the extent to which their recovery had been wrongfully hindered in the former.

This proposition, we think, is erroneous. If the injury complained of in the former suit was continuous, so as to be considered as but one trespass, and as constituting but one cause of action, then it is clear that such entire cause of action could not be split, so

Thomason v. Rice and McFarland.

as to entitle the plaintiffs to maintain separate suits. This is a well settled rule of law, and applies equally to actions founded upon torts, and contracts (1). Hence, if a suit be brought for an entire cause of action, and the plaintiff fails, for any cause, to recover for the whole, and judgment is rendered accordingly; or, if a plaintiff sues for part only of an entire cause of action, and obtains judgment for such part; in neither case can he maintain another action founded on the same cause. The first judgment will be a positive bar to a subsequent action. 4 Humph. 108; 9 Humph. 342; 15 Johns. Rep. 229, 232.

And if the former suit were brought for several trespasses, which, though distinct acts, had been joined in one suit; and as to all which evidence had been offered to the jury, it is equally clear, that the failure of the plaintiffs to recover for some of the trespasses thus united in one suit,—no matter what the cause of such failure—would form no ground upon which to found a second action. The judgment, if permitted to stand, would be equally conclusive as in the former case, where the action was for a single trespass.

The plaintiff in every suit, is not only presumed to know, but is bound at his peril to know, the true state of the facts constituting the ground upon which he seeks a recovery. And it is likewise incumbent upon him, at his peril, to be prepared with sufficient evidence, at the trial, to support his case. And if through fraud of the defendant; or the misapprehension, or disregard of the proof, on the part of the jury; or error of the court, the plaintiff fails to recover, in whole or in part; in either case the judgment, if acquiesced in, will

be a conclusive bar to another action for the same cause, or a part of the same cause. The plaintiff's remedy is by a non-suit or new trial. (2)

The case of Alder v. Buckly, 1 Swan, 69, is no authority for propositon assumed in the charge of the court in the present case.

In this view of the case, it become unnecessary to notice other points made in the argument.

The Judgment will be reversed, and the cause be remanded for another trial.

*Judgment reversed.*

(1)  Splitting causes of action, see Perkins v. Hadley, 4 Hayw. 348; Carraway v. Benton, 4 Humph. 108, 113; Black v. Caruthers, 6 Humph. 87, 93; Saddler v. Apple, 9 Humph. 342.

(2)  A former judgment to be a bar to a subsequent action must have been on the *merits.* Hunt v. Means, 2 Sneed, 546; Stump v. Shepherd, Cooke, 191. And between the *same parties* and upon the *same cause of action.* McKisick v McKisick, 6 Humph. 75; King v. Vaughn, 8 Yerg. 59; Gray v. Farris, 7 Yerg. 155. And in a court having *jurisdiction.* Smith v. Wallace, 4 Yerg; 72; Stump v. Shepherd, Cooke, 191.

Upon the general subject of former adjudications barring subsequent suits, see Dassett v Miller, 3 Sneed, 72; Furber v. Carter, 2 Sneed, 1; Thomason v. Kercheval, 10 Humph. 322; Witcher v. Oldham, 4 Sneed, 220; Christian v. Hoover, 6 Yerg. 505; Nicely v. Boyles, 4 Humph. 177; Maxwell v. King, 3 Yerg. 460; Tyrel v. Magnes, 1 Sneed, 276; Ingraham v. Smith, 1 Head, 411; Elrod v. Lancaster, 3 Head, 571; Saddler v. Apple, 9 Humph. 342; Ellis v. Staples, 9 Humph, 238; Haggatt v. White, 2 Swan, 265; Kelly v. Davis, 1 Head, 71; Sample v. Looney. 1 Tenn. 85.