## J. W. BUSH *vs.* H. E. JONES.

### October Term, 1874.

PARTIAL PERFORMANCE OF SPECIAL AGREEMENT.—It is the settled law of this state that a person who performs work and furnishes material under a special agreement may recover compensation for a partial performance, equal to and limited by the value of the benefit conferred, in estimating which the damages sustained by the failure to perform according to contract must be taken into consideration.

SAME—DAMAGES FOR FAILURE TO PERFORM.—The measure of damages, in cases of partial performance of a special agréement, is, ordinarily, the difference between the contract price and the value of the work as done, estimating the latter upon the basis of the contract price for the class of work contracted for, and allowing for inferior work accordingly; if special damage, the cost of replacing the work according to contract.

SAME—EVIDENCE.—Mere opinions of witnesses, except of experts, are not evidence.

*M. C. Goodlett*, for complainant.
*T. M. Steger*, for defendant.

THE CHANCELLOR :—This bill was filed to enforce the mechanic's lien for brick-work done by the complainant in the erection of a dwelling-house for defendant. The defence set up, by answer and cross-bill, was that the work was so badly done that the defendant was released from his contract, under the circumstances. The court was of opinion, and so decided, that defendant, having agreed to be

responsible to the complainant for the work at the rate of $10 per 1,000 brick, provided complainant would do a No. 1 job, and, having accepted the work after it was completed by occupying the house, was liable to pay for the work, not as first-class work, which it was shown not to have been, but for the value of the work and material on the basis of *quantum meruit*, estimating first-class work at $10 per 1,000 brick. And that the defendant was entitled, in the way of recoupment, to the damages occasioned by the failure of the complainant to do first-class work, according to contract. It is the settled law of this state that when a special contract exists, and one party has partially performed work and furnished materials under it, though not in accordance with his contract, and the time and opportunity for full performance have gone by, he may recover from the other party, receiving any benefit from the work, so much as he deserved to have. In estimating the value of the benefit conferred by such partial performance, the damages which the defendant would be entitled to recover for a breach of the agreement must, of course, be taken into consideration. *Elliott* v. *Wilkinson*, 8 Yerg. 410; *Irwin* v. *Bell*, 1 Tenn. 485; *Stump* v. *Estill*, Peck, 175; *Porter* v. *Woods*, 3 Humph. 56; *Barker* v. *Reagan*, 4 Heisk. 596. In the absence of special damages, the ascertainment of the actual value of the work, as compared with the value of the work according to contract, will meet the justice of the case.

In acting upon the reference the master finds that the work, at the contract price, was worth $1,962.01, and he deducted $1,000 for the damages sustained by the failure of the complainant to do a first-class job. He arrives at this result, he says in his report, upon the testimony of four witnesses—one a carpenter, and the other three real estate brokers. The first stated that he would not buy such a house unless 25 per cent. was knocked off its cost; and the other three say, in substance, that the difference in the market value of the house and lot as they are, and as they

would be if the brick work was first-class, is from 20 to 25 per cent. of the whole cost of the house, estimated at $5,000 or $6,000.

In the opinion delivered on the merits I distinctly stated that, under the circumstances shown in the record, the measure of damages to which the defendant would be entitled, by way of recoupment, would be the difference between the contract price and the value of the work as done, estimating the latter upon the basis of $10 per 1,000 brick, for first-class work. Sedgw. on Dam. 243, 248, 249, and cases cited. If the defendant has sustained special damages—as, for example, if the work is unfit for the purposes intended, or dangerous—the measure of damages would be the additional cost necessary to replace the work, or that part of it that is dangerous. The damages, in both cases, are regulated by the deficiency in the character or cost of the work; never by the remote and incidental damages to the land on which the building is erected, nor by the speculative opinions of witnesses as to the general effect of such work in an artistic or æsthetic point of view. Mere opinions of witnesses, as I have repeatedly had occasion to say, except of experts, where opinion is admissible, are not evidence. *In the matter of Heaton,* 6 C. E. Green Ch. 221.

The evidence on which the master has acted is clearly incompetent for the purposes of the reference. It consists of the mere opinions of witnesses, who are not experts, and opinions, too, not touching the value of the work, or the dangers arising directly from the work, but the supposed consequential effect of the defective work on the realty itself. Nor is there any evidence, taken by either side, that is directly in point. Not a single witness is made to depose to the difference between first-class work at the contract price, and the actual work. The question is only put to one witness, and his answer is not responsive, but gives his opinion of what the complainant ought to have for his work, without reference to the contract price.

There being no direct legal testimony upon the matters of reference, the report will be set aside, and a re-reference made at the election of either party, with directions as to the character of the proof to be taken in accordance with this opinion. If, however, both parties prefer to let the cause end here, without further delay or trouble, I will allow a deduction of 25 per cent. from the contract price as found by the master, as the nearest approximation to the justice of the case which I am able to make upon the evidence before me.

NOTE.—Affirmed on appeal.