HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

---

### WILLIAMS v. SEABOARD AIR LINE RY.

CHARGE.—Where an action is brought under Sec. 2183, of Code of 1902, there being no request to charge, and Judge charges the law applicable to the issues raised by the pleadings and in argument and reads statute, it is not error not to instruct jury that failure to comply with the provisions of this section is negligence *per se*, no such position having been taken by appellant's counsel on trial.

Before HYDRICK, J., Kershaw, July, 1906. Affirmed.

Action by W. W. Williams, against Seaboard Air Line Railway. From judgment for defendant, plaintiff appeals.

1—76

*Messrs. Clarke & von Tresckow,* for appellant, cite: *Failure of railroad company to comply with statutory requirement is negligence per se:* 58 S. C., 222; 53 S. C.. 121. *Judge should declare law applicable to case:* 47 S. C., 488.

*Messrs. Stevenson & Matheson* and *Edward McIver,* contra, cite: *Action is under common law and not under statute:* 41 S. C., 89. *Request should have been submitted:* 20 S. C., 500; 33 S. C., 427; 50 S. C., 49.

January 12, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein raises the question whether there was error on the part of his Honor, the presiding Judge, in not charging certain propositions of law, when no requests to that effect were presented. The allegations of the complaint, material to the questions involved, are as follows:

"That on the ninth day of October, A. D. 1905, plaintiff was riding a horse along the highway known as DeKalb street, in a westerly direction, and when he arrived at the place where said highway crosses said railroad, the foot or feet of the horse upon which plaintiff was riding struck said unguarded and unprotected rail, and violently threw plaintiff and said horse to the ground, and plaintiff's left leg was caught under said horse and fractured and broken.

"That said Seaboard Air Line Railway was in default and did violate and fail to observe and discharge that plain duty which it owed to plaintiff while riding along said highway, in this, in carelessly and negligently failing to guard and protect its rails by plank, timber or otherwise, so as to secure a safe and easy passage across its road for plaintiff, and allowing said crossing to be and remain in a defective and unsafe condition.

"That the injuries of said Walter W. Williams were caused by the carelessness and negligence of defendant as aforesaid."

The defendant denied the allegations of the complaint and set up the defense of contributory negligence.

The presiding Judge charged the jury fully upon the question of negligence, but did not charge as to the effect of section 2183 of the Code of Laws.

The jury rendered a verdict in favor of the defendant, and the plaintiff made a motion for a new trial which was refused in the following order:

"The jury having returned a verdict for the defendant in the above case, the plaintiff's attorneys moved, on the minutes of the Court, for a new trial, on the ground that I had given the jury the wrong standard by which to determine whether the injury complained of in this particular case was the result of defendant's negligence. This suit, it is contended, was brought under section 2183, vol. 1., of the Code of Laws of 1902, which provides substantially that where a railroad crosses a highway or street on a level, it shall so guard or protect its rails by plank, timber or otherwise, as to secure a safe and easy passage over its road. The defense was a general denial, and the plea of contributory negligence. It is contended that a failure to conform to the provisions of the statute above referred to was negligence *per se,* and that I erred in not so charging the jury. I read the statute to the jury, and charged in response to the allegations of the pleadings, the testimony introduced and the position taken in the argument of the attorneys, as to what constituted negligence and contributory negligence. There was no request to charge, nor did plaintiff's attorney take the position in argument at the trial, that a failure to conform to the requirements of the statute was negligence *per se.* It is, therefore, ordered, that the motion for a new trial be, and the same is hereby, refused."

The plaintiff appealed upon exceptions which raise practically the single question, whether the presiding Judge, in the absence of a request, erred in not charging the jury that a failure to comply with the requirements of section 2183 of the Code of Laws, was negligence *per se.*

This Court is satisfied with the reasons assigned by the Circuit Judge in overruling the motion for a new trial, and his conclusion is. fully sustained by the cases of *Hunter* v. *R. R.,* 41 S. C., 86, 19 S. E., 197, and *State* v. *Adams,* 68 S. C., 421, 47 S. E., 676.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.