6691

MORRISON v. MUTUAL BENEVOLENT ASSOCIATION OF CHESTERFIELD COUNTY.

1. Insurance—Mutual Benevolent Society.—The clause in the certificate of membership herein construed to mean a member who has joined within a year from December 1st forfeits his membership unless he pays his pro rata share of the annual dues due on that day.

2. Charge—Request.—A trial Judge may refuse to consider a request not submitted as required by rule 40, and failure to respond to such request raises the presumption it was refused for noncompliance with the rule.

3. Insurance—Forfeiture—Waiver.—Husband and wife joined mutual benefit association on same day and gave their joint note for entrance fees. Wife died before note was paid. After death of wife agent notified husband if note was not paid they would be dropped. Note was paid, husband is in good standing and has not paid pro rata of first year's dues. *Held,* some evidence of waiver of forfeiture for nonpayment of pro rata of first annual dues.

Before KLUGH, J., Chesterfield, November Term, 1906. Reversed.

Action by C. F. Morrison against Mutual Benevolent Association of Chesterfield County. From judgment for plaintiff, defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *Forfeiture must be strictly construed:* 5 L. R. A., 808, notes; 1 L. R. A., 564, notes; 9 L. R. A., 189, notes; 2 L. R. A., 118, notes; 52 Ill., 53; 55 Ill., 213; 5 Pick., 76; 10 Pick., 43; 4 Mass., 330; 15 Johns., 278; 3 Kent Com., 261; 32 N. Y., 405; 52 Me., 336; 10 W. R., 339. *There was evidence tending to show waiver:* 1 S. C., 24; 1 May on Ins., secs. 160 to 367; 29 Barber, 552; 46 S. C., 79.

October 23, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. Plaintiff brought this action to recover $1,000 on a policy of life insurance issued by defendant October 15, 1904, on the life of plaintiff's wife, Elizzie E. Morrison, who died July 22, 1905. The defense set up was that the policy was forfeited for failure on the part of plaintiff to pay a note for entrance fees for himself and wife, and because the annual dues for the period from October 15, 1904, to December 1, 1904, being one-eighth of one dollar and a quarter, had not been paid on December 1, 1904, which defeated the policy. From judgment for defendant, plaintiff appeals.

The first exception alleges error in the charge to the jury, that section 12 of by-laws of the association, which formed a part of the policy, entailed a forfeiture of membership if the dues of about fifteen cents were not paid by December 1, 1904. The section in question is as follows: "The annual dues of $1.25 shall be due and payable to the secretary and treasurer of the home office on

or before the first day of December of each year. If a member has not belonged to the association for twelve months, he is only required to pay *pro rata.* Any member, failing to pay the annual dues of $1.25 within the given time shall be dropped from the association."

The Court, in construing this section, instructed the jury: "Now, the question is, what is the proper construction of that section of the by-laws where a member has been in the association for less than a year from the time the annual dues fall due, and, therefore, is only chargeable for a *pro rata* of the dollar and a quarter in proportion to the length of time he has been in the association? I charge you that by the terms of the contract it is as much the duty of the member to pay the *pro rata* which is due as it is the duty of another member to pay the full amount of one dollar and a quarter; and the same consequences must fall upon the failure to pay one as upon the failure to pay the other. The mention of the annual dues of a dollar and a quarter is not intended, and cannot be construed to mean, that it must be a failure to pay one dollar and a quarter annual dues to work a forfeiture of the policy, but the failure to pay the annual dues, whatever it may be, is what works the forfeiture. I charge you, if you find from the evidence that the assured failed to pay the annual dues, whatever she was due as annual dues on the first day of December, 1904, then this policy became forfeited and was liable to be dropped; and if the association did drop her from its membership, that that amounted to a cancellation of that policy, and the plaintiff cannot recover. That is a question of fact for you to determine, as to whether the annual dues were due or not at that time."

It is contended by appellant that this charge added to and changed the forfeiture clause in sec. 12 of the written contract so as to read: Any member failing to pay the annual dues of $1.25, *or such pro rata as may be due under this by-law,* shall be dropped, etc.; and that this construction was violative of the rule that forfeitures should be strictly

construed. We think the charge of the Court was correct in so far as it construed art. XII. It seems clear that this provision as to forfeiture was intended to apply as well to members joining the association any time during the year as to those joining or belonging at the beginning of the year, as the duty to pay annual dues is as important and imperative in the one case as in the other. The words "annual dues of $1.25" fairly include *pro rata* annual dues at that rate.

The second and third exceptions charge error in failing or refusing to charge plaintiff's request on the subject of waiver of the forfeiture, presented to the Court after the charge was concluded. The record does not show that the Court either charged or refused to charge the request, or made any reference to it whatever. Rule XL of the Circuit Court requires that requests to charge be submitted before argument, and provides that such additional requests as may be suggested by the argument may be submitted at the conclusion thereof. The respondent invokes this rule as a justification of the failure of the Court to charge as requested. Although the Constitution of 1895 requires Judges in charging juries "to declare the law," yet the rule enforced in numerous cases is that an exception for mere failure to charge a particular proposition of law will not be considered unless a request to so charge was made. This rests upon the theory that the appellant, by not prefering such request and calling the Court's attention to the particular instruction he wishes to be given, is deemed to have acquiesced in the omission and to have waived the right to such instruction. *State* v. *Adams,* 68 S. C., 428, 47 S. E., 676. In this case the request was made, but not in accordance with the rule of Court. The rule of Court, however, is not in violation of law and directs the duty of counsel in making requests. It must, therefore, follow that a Circuit Judge has a right to ignore a request to charge not presented as required by Rule XI, and if the record shows that the Court did not respond to the request, it is

26—78

fair to presume that he disregarded it for noncompliance
with the rule.

Fortunately, however, for appellant, the exceptions taken
as a whole, and by a liberal construction, are broad enough
to enable this Court to consider whether there was error in
not submitting to the jury the question of waiver.

3        The jury were instructed that if the assured failed
to pay the *pro rata* annual dues on December 1,
1904, the policy became forfeited and she was liable to be
dropped; and if the association did drop her from its mem-
bership that amounted to a cancellation of the policy, and
the plaintiff cannot recover.    It was erroneous to charge
that plaintiff could not recover because of a forfeiture and
ignore the doctrine of waiver, if there was evidence to go to
the jury under the issue that the forfeiture had been waived.
That there was some evidence of waiver seems clear.    The
testimony shows that plaintiff's wife was not dropped from
the association for nonpayment of annual dues, but for
nonpayment of the note accepted in lieu of her membership
fee.    It was admitted by defendant on the trial that this
was not a ground of forfeiture.    While there was testi-
mony that plaintiff's wife was dropped from membership
in January, 1905, for nonpayment of said note, it was also
in evidence that Mr. S. J. Sellers, an agent of the associa-
tion, on August 10, 1905, mailed a letter to plaintiff calling
for the payment of the note for membership fee of himself
and wife, stating that the company "is compelled to have
the money or drop you from the association," implying that
they had not been previously dropped.    We should have
stated that plaintiff and his wife each took out a policy on
same day and gave their joint note for $10.00, payable
November 1, 1904, in lieu of the membership fees.    When
this letter by Mr. Sellers was written it appears the associa-
tion was not aware of the death of plaintiff's wife.    On
August 26, 1905, plaintiff replied, inclosing check for
$10.00.    The plaintiff has never paid the *pro rata* annual
dues due by him December 1, 1904, and the evidence is that

on the payment of the note for membership he was regarded as reinstated, and is now in good standing.

The foregoing constitutes some evidence that the association, as to these policies, did not regard the non-payment of the fifteen cents dues, payable December 1, 1904, as ground of forfeiture. This would certainly be regarded as some evidence of waiver as applied to old line insurance companies; and in *McBryde* v. *S. C. Mutual Ins. Co.,* 55 S. C., 589, 33 S. E., 729, and *Sparkman* v. *Supreme Council,* 57 S. C., 16, 35 S. E., 391, it was declared that mutual insurance companies and fraternal benefit societies are generally governed by the same rules of law as old line insurance companies.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.