## 7435

### STATE v. BOYLESTON.

1. CONTINUANCE—DISCRETION.—Under the facts here, one of defendant's counsel being well, but not specially prepared for the trial of the case, the other being too ill to conduct the trial but able to be in the court room, refusal of continuance held not an abuse of discretion.

2. REQUEST—APPEAL.—Where a defendant fails to present a request as to the force and effect of testimony as to tracks and trailing by bloodhounds, he cannot except on the ground that such instruction was not given.

3. NEW TRIAL.—It is not error of law to refuse new trial where there are facts and circumstances which taken together may produce belief of guilt.

4. EVIDENCE—HARMLESS ERROR.—Where it has been elicited from one witness that deceased had other enemies than defendant it is not reversible error to rule out such evidence from another witness.

5. IBID.—HUSBAND AND WIFE.—In homicide case defendant may be cross-examined as to the details of his separation from his wife.

Before SEASE, J., Barnwell, Summer Term, 1909. Affirmed.

Indictment against Ralph Boyleston for murder of Cleveland Fanning. From sentence, defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *Refusal of continuance was error:* 50 S. C., 404; 79 S. C., 85. *Court should admonish jury of uncertainty of tracks and trailing:* 44 S. W., 143; 35 S. E., 102; 36 S. E., 609.

*Solicitor James F. Byrnes* and *Messrs. Jas. E. Davis, J. E. Harley* and *C. A. Best,* contra. The Solicitor cites: *Ordering case to trial was proper:* 77 S. C., 240; 68 S. C., 144. *This order is not appealable:* 16 S. C., 453. *Refusal of new trial for insufficiency of evidence is not reviewable.* 44 S. C., 339. *Severance is discretionary with the trial Judge:* 77 S. C., 241; 49 S. C., 410; 7 Rich., 412.

February 16, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant, Ralph Boyleston, was indicted for the murder of Cleveland Fanning on the 4th day of June, 1909, and the jury rendered a verdict finding him guilty of murder, with a recommendation to the mercy of the Court.

The following statement appears in the record:

"A motion for a new trial was made by the defendant, upon the ground that there was a total absence of evidence upon which the verdict could have been based; that the testimony showed conclusively, that although the defendant had been at or near the place, where the dead body was found in the early part of the afternoon of the night of the killing, yet, that he had left said place, and there was absolutely no evidence of any character showing his return to said place; and that the testimony as to the tracks and the trailing of the hounds was vague, indefinite, uncertain and insufficient, to connect the defendant with the alleged homicide. This motion was overruled by his Honor, and the said defendant was sentenced to imprisonment for his lifetime in the State penitentiary."

The defendant appealed upon exceptions, the first of which is as follows: "Because his Honor erred in refusing to grant defendant's motion for a continuance, when his counsel, Mr. Bates, was too unwell to conduct his trial; and such refusal, under the said circumstances, was an abuse of his Honor's discretion, as it deprived defendant of the services of the counsel mainly charged with the preparation and presentation of defendant's case, and forcing his partner to assume control of said case, who owing to his duties in a preceding trial, had been unfamiliar with the preparation of the case and its proper presentation to the Court and jury."

The facts relative to the motion for a continuance are thus set out in the record: "This case was called during the

37—84

last week of the July term, 1909, of the Court of Barnwell County, immediately after the conclusion of the case of the State against Kennedy, the trial of which had taken several days. Upon the call of the case, Mr. George H. Bates, one of the counsel for the defendant, made a motion for a continuance on the ground that he had entire charge of the case, owing to the engagement of Mr. Simms, the other counsel in the case, in the trial of the Kennedy case, and upon the further ground that he was physically unable to enter into its trial, he stating that at the time he was suffering with an attack of acute indigestion, and not feeling able, because of the pain and nausea incident thereto, to give the defendant proper service in his defense. The presiding Judge refused to continue the case, and ordered the same on for trial the next day, allowing two or three hours the evening before, at which time Mr. Bates renewed his motion for a continuance upon the grounds that, although at that moment he was feeling some better than he had been, yet the character of his sickness was such that he was liable at any moment to be incapacitated, and if not incapacitated, still his condition was such that he was unfitted to try the same; and that he having been in charge of the case, having examined the witnesses and prepared their testimony, his colleague, Mr. Sims, was not prepared to enter the trial, and the defendant, therefore, would be seriously prejudiced in his trial, if he should be forced to trial under such circumstances. His Honor, however, overruled said motion for a continuance, upon the ground that there were two counsel in the case, and while he did not desire to abuse his discretion, he felt that he would have to order the case on to trial; and the trial was taken charge of by Mr. Simms on behalf of the defendant. Mr. Bates stated that he had been sick for some days previous to the trial of this case; was taken sick during its trial, but did not ask for time to recuperate, and was quite sick immediately afterwards for several weeks. The Court, in order-

ing the case on to trial, stated that if Mr. Bates felt too unwell at any time to go forward with the trial, it would make it as comfortable as possible by allowing time for him to recuperate. Mr. Bates remained in Court through the trial, prompting Mr. Simms, and made an argument before the jury."

These facts. satisfy us that there was no abuse of discretion on the part of his Honor, the presiding Judge.

The second exception is as follows: "Because his Honor erred in failing and refusing to charge the jury, as to the force and effect of testimony as to the tracks testified to in the trial, and the trailing thereon by the bloodhounds, whereas, his Honor should have admonished the jury as to the uncertainty of such testimony. and the necessity of having the same clearly demonstrated and proven, and sustained by surrounding circumstances, as well as positive testimony, before their acceptance as sufficient evidence to convict."

This exception cannot be sustained, for the reason that there were no requests to charge presented, embodying the proposition for which the defendant now contends. *State* v. *Adams,* 68 S. C., 421, 47 S. E., 676; *State* v. *Thompson,* 76 S. C., 116, 56 S. E., 116; *Morrison* v. *Ben. Ass'n.,* 78 S. C., 398, 59 S. E., 27.

The third exception is as follows: "Because his Honor erred in refusing defendant's motion for a new trial, and abusing his discretion in so refusing, when there was absolutely no testimony whatever, connecting the defendant with the crime alleged, and the verdict of the jury should have been set aside by his Honor, for the reason that there was absolutely no testimony upon which the same could be sustained."

In the case of *Dantzler* v. *Cox,* 75 S. C., 334, 55 S. E., 774, the Court says: "While there was no direct and positive testimony, sustaining the defenses set up in the answer, still there were facts and circumstances from which the jury

might properly have drawn the inference in favor of said allegations." The Court then proceeded to quote the following language from the case of *R. R.* v. *Partlow,* 14 Rich., 237: "It may be that no one of the facts would of itself warrant the inference, and yet, when taken together, they may produce belief, which is the object of all evidence."

Also the following from 1 Greenleaf on Evidence, section 51a: "It is not necessary that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof; although alone it might not justify a verdict in accordance with it. This is usually the case where an issue depends on circumstantial evidence."

These authorities show that this exception cannot be sustained.

The fourth exception is as follows: "Because his Honor erred in refusing the motion for a new trial and setting the verdict aside, when the testimony clearly showed without contradiction, that the tracks found at the scene of the homicide, were not and could not have been the tracks of the defendant, as there was no evidence whatever of a competent character, showing that the same had been made by this defendant, or that he had come there after his leaving the spot in the afternoon of the killing."

There were circumstances tending to establish this fact, the force and effect of which was properly submitted to the jury.

The fifth exception is as follows: "Because his Honor erred in refusing to allow testimony tending to show bad feeling between the deceased and other parties besides the defendant, the same being competent in this case to show that there were other parties at enmity with the deceased besides the defendant, who might have been responsible for his death as well as this defendant."

This exception cannot be sustained for the reason that the defendant's attorney, during the cross-examination of

Norris Porter, a witness for the State, was permitted to bring out similar testimony.

The sixth exception is as follows: "Because his Honor erred in permitting the defendant to be cross-examined, as to the details of his separation from his wife, as the same was entirely irrelevant to the issue, and was calculated to prejudice the defendant in the mind of the jury."

This question is disposed of by the case of *State* v. *Reynolds*, 48 S. C., 384, 26 S. E., 679 in which it was held that a husband or wife is a competent witness for or against each other, in any criminal prosecution, provided that neither shall be compelled to disclose any confidential communication during marriage.

The seventh exception was abandoned.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.