## 7576

### STATE v. HENDRIX.

1. AN EXCEPTION simply quoting from the charge without assigning any specific error is too general.
2. CHARGE.—Upon failure to so request it is not reversible error for Judge to fail to instruct jury they could find a defendant guilty on one count and not on another.
3. IBID.—Held here the Judge substantially charged the law applicable to the case and if appellant desired more specific charge he should have so requested.

Before GAGE, J., Barnwell, Fall Term, 1909. Affirmed.

Indictment against Frank Hendrix for burglary and larceny. Defendant appeals from sentence.

*Mr. A. H. Ninestien,* for appellant.

*Solicitor James F. Byrnes,* contra.

May 14, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was convicted under an indictment, containing two separate counts—one for burglary and the other for larceny, growing out of the same transaction. The verdict of the jury was simply "guilty."

The defendant was sentenced to imprisonment for a term of five years, on the public works of Barnwell County, and he appealed from said sentence.

The first exception is too general for consideration, as it merely quotes from the charge of his Honor the presiding Judge, without assigning any specific error.

The second exception is as follows: "That the Circuit Judge erred in charging the jury, that they might write one of two verdicts, that is, 'guilty,' or 'guilty with recommenda-

tion,' or, of course, 'not guilty,' in that, under such charge, the jury was misled into failing to specify the specific offense, on which they found the defendant guilty. Such verdict being responsive to both counts in the indictment and the Court having failed to instruct the jury, that they might acquit the defendant on the first count, and convict him on the second count alone, they were misled into finding a general verdict of guilty; even if they found from the facts that the defendant was guilty of the second count only."

In the case of *State* v. *Smith*, 57 S. C., 489, 35 S. E., 727, the defendant was tried under an indictment charging him, in separate counts, with two offenses growing out of the same act. The jury rendered a general verdict of guilty. He appealed from the sentence on exceptions, two of which were as follows: "(16) Because his Honor erred in not instructing the jury, that they could convict under one count, and acquit under the other. (17) Because his Honor erred in not, at least, instructing the jury to pass upon each count separately." In disposing of the said exceptions, the Court thus ruled: "There was no request that the jury should be instructed, as it is claimed they should have been, in exceptions 16 and 17; and hence the omission to so instruct the jury cannot be properly regarded as reversible error."

This exception and the third, which raises practically the same question, are, therefore, overruled.

The fourth exception is as follows: "Because the Judge erred, in not charging the law applicable to the issues in the indictment, as required by the Constitution of 1895, article V, section 26, which provides: 'Judges shall not charge juries in respect to matters of fact, but shall declare the law.' All of which, it is respectfully submitted, he failed to do in this case, as is shown by reference to his said charge." This exception is too general for consideration, as it fails to specify in what particular there

was error. We may say, however, that his Honor, the presiding Judge, substantially charged the law applicable to the case; and, if the appellant desired a further charge, it was incumbent on him to prepare requests to that effect. *State v. Adams,* 68 S. C., 421, 47 S. E., 676; *Jennings v. Mfg. Co.,* 72 S. C., 411, 52 S. E., 113; *Williams v. Railway,* 76 S. C., 1, 56 S. E., 652; *State v. Thompson,* 76 S. C., 116, 56 S. E., 789; *Snipes v. Railway,* 76 S. C., 208; 56 S. E., 959; *Morrison v. Assn.,* 78 S. C., 398, 59 S. E., 72; *State v. Chastain,* 85 S. C., 64, 67 S. E. R., 6. This exception is overruled.

It is the judgment of this Court that the appeal be dismissed.