11269

STATE v. CRIDDLE

(118 S. E., 424)

1. CRIMINAL LAW—ERRONEOUS EXPRESSION IN INSTRUCTION, WHICH WAS CORRECTED, HELD NOT PREJUDICIAL ERROR.—A statement, inadvertently used in an instruction, that guilt could be established by the greater weight of the evidence, but which, on being called to the Court's attention, was corrected, *held* not prejudicial error.

2. CRIMINAL LAW—ERROR IN INSTRUCTION OMITTING TO EXPLAIN REASONABLE DOUBT HELD SUFFICIENT.—An instruction failing to explain what constitutes a reasonable doubt *held* sufficient, in the absence of a request for a more specific instruction.

3. CRIMINAL LAW—NO REVIEW OF SUFFICIENCY OF EVIDENCE, QUESTION NOT BEING RAISED BELOW.—Where the record discloses that

no ruling in any form was sought from or made by the trial Court as to the alleged total failure of evidence, there is no basis for imputing error in that regard in the Supreme Court, in view of Const. 1895, Art. 5, § 4, Code Civ. Proc., 1912, § 5, and Circuit Court rule 77 (73 S. E. vii).

Before Memminger, J., Orangeburg, September, 1922. Affirmed.

J. W. Criddle was convicted of manufacturing whiskey and appeals.

*Messrs. Julian S. Wolfe* and *Ed. C. Mann,* for appellant, cite: *"Storing" has technical meaning:* 63 S. C., 98; 89 S. C., 132; 105 S. C., 28; 109 S. C., 411. *Contradictory charge is prejudicial:* 112 S. E., 437; 14 R. C. L., 777; 38 Cyc., 1606.

*Mr. A. J. Hydrick, Jr., Solicitor,* for the State.

July 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appellant, J. W. Criddle, and his son, John Criddle, were indicted for unlawfully storing and manufacturing whisky. They were tried before Hon. R. W. Memminger, Circuit Judge, and a jury, and both were convicted. From a sentence of six months' imprisonment, J. W. Criddle appeals.

The first exception makes the point that the jury were misled, to the defendant's injury, by an erroneous instruction of the trial Court to the effect that the guilt of the accused could be established by the greater weight of the evidence. Prior to the use of the language complained of the learned Circuit Judge had fully charged the jury as to the presumption of innocence and as to the burden resting on the State to prove guilt beyond a reasonable doubt. At the close of the charge the solicitor called the judge's attention to the erroneous expression inadvertently used at one point in the charge. The Court thereupon again

correctly and clearly charged the jury. The Court's last statement by way of instruction to the jury was to the effect that "the guilt of the accused must be made out beyond a reasonable doubt." There is no valid basis for the contention that the jury were confused and misled, to the defendant's prejudice, and the exception must be overruled.

The second exception imputes error, in that the trial Judge failed to explain to the jury "what constitutes a reasonable doubt." The term "reasonable doubt" carries its own sufficient explanation. If the appellant desired to have the Court attempt explanatory comment, or give a more specific instruction, a request to that effect should have been submitted in due time. *State v. Williams,* 18 S. C., 606. *State v. Adams,* 68 S. C., 421;; 47 S. E., 676. *State v. Thompson,* 76 S. C., 116; 56 S. E., 789. *State v. Boylston,* 84 S. C., 574; 66 S. E., 1047. *State v. Chartain,* 85 S. C., 64; 67 S. E., *State v. Hendrix,* 86 S. C., 64; 68 S. E., 129. *State v. Du Rant,* 87 S. C., 532; 70 S. E., 306.

The remaining exceptions (3 to 7, inclusive) are directed to the contention that the evidence adduced was not sufficient to support a conviction. No motion for a directed verdict, or for a new trial, or other motion predicated upon or inclusion of the ground indicated, was made in the Court below. The general rule, that the question of the sufficiency of evidence to support a verdict, finding, or judgment must be raised by proper objection in the trial Court and will not be considered, if raised for the first time on appeal, is too well settled to require the citation of authority. The special requirement imposed by rule 77 of the Circuit Court (73 S. E., VII), directing that this point shall be first made by motion for nonsuit or for a directed verdict, is applicable to both criminal and civil actions. Section 5, Code Civ. Proc., 1912; *State v. Daniel,* 83 S. C., 309; 65 S. E., 236. While in a criminal cause, involving the liberty of citizens, the Court will at its discretion in the interest of justice waive the

strict enforcement of rule 77 (*State v. Daniel, supra*), it is obvious that, where the record discloses that no ruling in any form was sought from or made by the trial Court as to alleged total failure of evidence, no adequate basis is afforded for imputing to the trial Court the commission of such error of law in that regard as this Court is bound to review or correct. Const. 1195, Art 9, § 4. The question sought to be made not being properly before us, the exceptions thereto directed must be overruled. It may be further appropriately observed that it is not apparent on the face of the record that the appellant suffered any substantial injury from the failure of his able counsel properly to raise the point in question.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY not participating.