## WAGENER & CO. v. PARROTT.

1. HOMESTEAD.—The first and second requests of defendant, relating to sale of homestead by sheriff under execution, and to what constitutes a family entitling the head to a homestead exemption, were improperly refused.

2. IBID.—CHILDREN.—A child adopted under special statute occupies the same place in the family as to homestead exemption as a child of the blood.

3. EJECTMENT—LESSEE—EVIDENCE.—In an action for possession of real property, defendant may defeat plaintiff's right of recovery by showing that he is in possession as lessee under a title not in the plaintiff.

Before BENET, J., Darlington, March, 1897. Reversed.

Action for possession of real property by Wagener & Co. against Alonzo W. Parrott. Judgment for plaintiff. Defendant appeals on following exceptions. It is respectfully submitted that his Honor, the Circuit Judge erred:

1. In declining to charge, as requested by appellant, that "If, when the levy and sale was attempted to be made, the defendant, Parrott, interposed his claim of homestead, and if the sheriff proceeded to sell without regard to said claim, the sale was a nullity, as being in violation of law, and the jury should have found for the defendant."

2. In declining to charge, as requested by appellant, that "If, at the time of the levy and sale, Parrott, his adopted daughter and her husband, were living together on the land and forming one household, of which defendant, Parrott, was the recognized head, then he was entitled to a homestead exemption in the said land, and the verdict should have been for the defendant."

3. In declining to charge that "If, under the will of Julia Parrott, the defendant, Alonzo Parrott, is entitled to the possession of the land only after certain mortgage debts are paid, and if his possession of the land when this action was commenced, and now was and is, only as tenant of the executors of his wife's will, then this action cannot be sustained and the verdict must be for the defendant."

4. That his Honor erred in law in charging the jury: "If you come to the conclusion that the plaintiff is entitled to the land, or to the interest which Parrott may have in the land, you will say, we find for the plaintiff possession of the land in dispute," it being submitted that as it appeared from the evidence that Parrott was neither in the possession of the land in his own right nor entitled to the possession, plaintiffs were not entitled in this action to the verdict suggested.

5. That his Honor erred in saying to the jury, in effect, that the facts testified to as to the adoption of Louise Mims by Parrott and his wife, constituted no adoption in law, and did not affect the question of homestead; and that whether Louise Mims was a member of Parrott's family, depended wholly on whether she was dependent in some measure upon Parrott for support, and Parrott under obligation to support her; it being respectfully submitted that, by reason of the adoption as testified to, she was legally the child of Parrott, and entitled to be regarded as a member of his family, in the sense of the homestead law, without proof of support or dependence for support.

6. That his Honor should have held that the fact that his adopted daughter, Louise Mims, was living with him, constituted Parrott the head of a family, in the sense of the homestead law, and entitled him to a homestead exemption, and it was error in him not so to have held and charged.

7. That on the uncontradicted and unquestioned testimony in the case, Parrott was entitled to the homestead exemption as a necessary conclusion of law therefrom, and his Honor erred in not so holding, and on this ground not granting a new trial.

*Messrs. Boyd & Brown*, for appellant, cite: *Sheriff should not sell land in disregard of claim of homestead:* Rev. Stat., 2126; 23 S. C., 322; 18 S. C., 242; 21 S. C., 19; 39 S. C., 234. *Action in ejectment cannot be sustained against one not in possession in his own right:* 15 S. C., 69, 276; 27 S.

C., 50; 36 S. C., 396; 37 S. C., 578. *Adopted child living with parent makes up family entitled to homestead:* 50 Am. Rep., 294; Rev. Stat., 2204; 5 S. C., 499; 13 S. C., 489; 23 S. C., 326; 32 S. C., 167; 36 S. C., 577. *No conflict in testimony as to homestead, and Judge should have granted new trial:* 21 S. C., 66; 29 S. C., 13.

*Messrs. Spain & Thompson, W. F. Dargan,* and *Geo. W. Dargan,* contra, cite: *Sheriff may sell land in which homestead is claimed:* Rev. Stat., 2135; 37 S. C., 181; 49 S. C., 41, 389. *Who is head of family under homestead law?* 32 S. C., 165; 36 S. C., 576. *Power in executors to lease, naked power—title in defendant:* 36 S. C., 384; 1 Rich. Eq., 328; 2 N. & McC., 588; Rice, 54. *Sheriff's deed carried right, &c., of defendant:* 5 Rich., 7; 37 S. C., 309. *Plaintiff only required to prove legal title, and right of possession in him:* 36 S. C., 384; 37 S. C., 578.

March 14, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The facts underlying the appeal, and necessary to be borne in mind in passing upon the questions raised here, are about as follows: Julia Parrott, wife of Alonzo W. Parrott, being possessed of 373 acres of land and some personal property, by her will devised a tract of 100 acres, whereon was her family residence, valued at $700 or $800, to her husband, Alonzo W. Parrott, in fee simple; the balance, 273 acres, she devised in equal shares to Louise Parrott, an adopted daughter, and her two nieces, Carrie May Parrott and Ellen Ruth Parrott; but upon the 273 acres so devised to the said Louise, May, and Ellen Parrott, the testatrix had executed two mortgages; so the testatrix further provides in her will that her executors should have full power and authority to lease all her lands, and thereby raise a sufficient amount of money to satisfy the two mortgages. All of her personal property was bequeathed to her husband, Alonzo W. Parrott. After the death of the testatrix, which occurred in 1893 (October), and when Mrs. Par-

rott died, her family had consisted for many years of her husband, Alonzo W. Parrott, herself, and their adopted daughter, Louise Parrott. This adopted daughter had been taken by the childless pair when she was five years of age, and when her name was Anne Morris. In 1885, Alonzo W. Parrott and Julia, his wife, prevailed upon the General Assembly of South Carolina to pass an act whereby Anne Morris became Louise Parrott, and also became entitled to inherit as a lawful heir from both Alonzo W. Parrott and his wife, Julia Parrott, or either of them, if they died intestate. Some time in 1894 or 1895, Louise Parrott married E. B. Mims, and for awhile lived with her husband in the State of Kentucky; but in the year 1895, she and her husband returned to the home of her adopted father, where she has lived ever since. It should be stated as a fact that the executors of the will of Mrs. Julia Parrott have leased all her lands every year since her death, in order to pay the two mortgages on the 273 acres of her land devised to Louise, May, and Ellen Parrott. But as to the 100 acre tract devised to Alonzo W. Parrott, such executors have either leased to him or to E. B. Mims for him. The plaintiffs, Wagener & Co., recovered a judgment against Alonzo W. Parrott in 1893, and in 1896 the sheriff of Darlington sold all the interest of A. W. Parrott in the 100 acres of land, whereon he resided, but at this sale A. W. Parrott demanded his homestead. The plaintiffs purchased, receiving the sheriff's deed therefor. They then brought their action against Parrott for its recovery, also asking $150 damages, this latter they abandoned at the trial. When the trial came on before Judge Benet, all the foregoing facts were proved. The defendant made certain requests to the Judge for his charge thereon, and these requests were refused. The Circuit Judge in his charge laid down certain principles of law, to which the defendant now objects. The Circuit Judge also refused a motion for a new trial on certain propositions of law. Whereupon the defendant appealed,

and now exhibits seven grounds of appeal.   These grounds of appeal will be reported.

So far as the requests to charge are concerned, it is evident that the requests were proper.   It must always be remembered that the Circuit Judge, in laying down certain propositions as embodying correct law, is obliged to confine himself in so doing to the case as made before him by the pleadings and evidence.   This Court has held that the provision of the present Constitution, which compels a Circuit Judge to declare the law, while its language is, "shall declare the law," means "shall declare the law applicable to the case then before him."   When these requests, embodied in the first and second grounds of appeal, are considered in connection with the facts developed at the trial, it is manifest that such requests were entirely proper.   This Court has repeatedly held that when lands are not worth more than $1,000, the sheriff has no right to levy upon and sell the same; that any sale thereof made by him is a nullity, unless for the purchase money, for taxes, &c., as expressly excepted in the Constitution, where it creates this "exemption."   *Cantrell* v. *Fowler*, 24 S. C., 424; *Ketchin* v. *McCarley*, 26 S. C., 1; *Bradford* v. *Buchanan*, 39 S. C., 237, and other cases.   That the facts in proof show that Parrott was the head of the family, there can be no question.   Louise Mims, *nee* Parrott, was as much the adopted child of Alonzo W. Parrott in 1896, when the land was sold, and in 1897, when the suit was brought, as she was in 1885, when the act of the General Assembly was passed by which she became the adopted child of Alonzo W. Parrott and Julia, his wife; but the question of adoption will be considered directly in passing upon another ground of appeal.

The fifth ground of appeal raises the question that his Honor, the Circuit Judge, was in error in the restrictions he placed upon the position an adopted child bears in its relation to the head of a family.   It seems that the trial Judge was unwilling to accord the same position in a family

to an adopted child as a child of the blood. Why should there arise any such difference in the law? One originates in nature and one in choice—but the same result obtains in each instance. Each is legally entitled to be regarded as a member of the family while the head of the family is alive, and each one at the death of the head of the family is entitled to stand as an heir. His Honor, the Circuit Judge, seemed to be inclined, judging from the language employed by him in his charge to the jury, to require that there must be some dependence of the adopted child for its support and maintenance on the adopting parent, in order for such adopted child to be regarded as a member of a family, when a homestead was to be allowed the head of such family. But such view is not sound; in order to maintain it, it would be necessary that there should be recognized a difference, in the eye of the law, between a child born to one and a child adopted by one.

The third and fourth grounds of appeal raise the question as to whether, in an action to recover the possession of a tract of land from another, when it is in proof that the possession of the defendant is not as owner, but as lessee, the Circuit Judge should have instructed the jury that they might find by their verdict that the plaintiff was entitled to possession. This was error; in all suits of the character of that at bar, the plaintiff is restricted to a verdict in strict subordination of the plaintiff's right of possession, and it is perfectly competent for a defendant to show that title to said land in controversy is in one person and the right of possession is in another person, which in neither case is that of the plaintiff. The Circuit Judge erred in his direction to the jury, as here complained of.

The sixth and seventh exceptions are covered by the observations already made. It follows that there must be a reversal of the judgment, and a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remitted to the Circuit Court for a new trial.