## 9122

### STATE v. ENGLISH.

(85 S. E. 721.)

CONSTITUTIONAL LAW. HUSBAND AND WIFE. ABANDONMENT. CRIMINAL LAW.

1. CONSTITUTIONAL LAW—HUSBAND AND WIFE—WIFE ABANDONMENT—IMPRISONMENT FOR "DEBT."—Criminal Code 1912, making it a misdemeanor for a husband to abandon his wife and to fail to support her without just cause, punishable by imprisonment, does not violate Const., art. I, sec. 24, prohibiting imprisonment for debt, since the imprisonment is not for any "debt," but for failure to obey the statute obligations incident to the marriage contract or relation.

2. HUSBAND AND WIFE—WIFE ABANDONMENT—DEFENSES.—In a prosecution under Criminal Code 1912, sec. 697, making the abandonment of a wife and failure to support her without just cause a misdemeanor, punishable by imprisonment, it is no defense that the marriage was contracted under the proviso of section 389, permitting a seducer to escape the penalty of his wrong by marrying his victim.

3. MARRIAGE—VALIDITY—MARRIAGE TO ESCAPE PUNISHMENT.—A marriage resulting under the proviso of Criminal Code 1912, sec. 389, penalizing seduction under promise of marriage, but permitting him to escape the penalty of his wrong by marrying his victim, is valid.

4. HUSBAND AND WIFE—WIFE ABANDONMENT—DEFENSES—WIFE NOT DEPENDENT FOR SUPPORT.—It is no defense to a prosecution under Criminal Code 1912, sec. 697, making it a misdemeanor to abandon a wife and to fail to support her without just cause, that she was not dependent upon her husband for support, and that her parents were able to support her.

5. HUSBAND AND WIFE—WIFE ABANDONMENT—EXCUSE—QUESTION FOR JURY.—In a prosecution under Criminal Code 1912, sec. 697, making it a misdemeanor to abandon a wife and to fail to support her without just cause, punishable by imprisonment, defended on the ground that defendant had just cause or excuse, because before her marriage to him, and without his knowledge thereof until after marriage she had been guilty of gross immorality with other men, evidence *held* to make the just cause or excuse a question for the jury.

6. CRIMINAL LAW — APPEAL — HARMLESS ERROR — QUESTION OF EVIDENCE.—In such prosecution the exclusion of evidence that the wife before her marriage to defendant, and without his knowledge thereof until after the marriage, had been guilty of immoral conduct with a particular man, was harmless, where other evidence of like character was received, and where her confession after marriage that before marriage she had been guilty of incest was likewise received.

Before RICE, J., Bennettsville, March, 1915. Affirmed.

Brooks English was convicted of abandonment of his wife and failure to support her without just cause, and he appeals on the following exceptions:

I. Because the presiding Judge committed error in not holding that the statute under which the indictment was framed is unconstitutional; it being submitted that the said act is in violation of and is contrary to article I, section 24 of the Constitution of the State of South Carolina.

II. Because the presiding Judge committed error in refusing to allow counsel for the defendant to ask, and to

FOOTNOTE.—As to what amounts to nonsupport by husband, see note in 49 L. R. A. (N. S.) 588. As to criminal liability of infant for nonsupport of wife, see Ann. Cas. 1914d, 50, and 36 L. R. A. 280; also see notes as to validity of statute making it crime for husband to abandon or fail to support wife in 23 A. & E. Ann. Cas. 1912b, 280, and 49 L. R. A. (N. S.) 589, 594; effect of aid from other sources, 49 L. R. A. (N. S.) 590, 592 and 595. As to duress to avoid marriage, see notes in 43 L. R. A. 814 to 819 and 14 A. & E. Ann. Cas. 869, 16 L. R. A. (N. S.) 938, 27 L. R. A. (N. S.) 803.

allow the witness, who was sworn as Mrs. Brooks English, the following questions:

"(1) He was sentenced to four years on the chain gang?

"(2) Was Brooks English sentenced to four years on the chain gang?

"(3) Was Brooks English, or had he just been in the custody of the sheriff at the time of your marriage?

"(4) Did Brooks English marry you under the terms and conditions that he would be released from imprisonment, that the prosecution would cease, provided he entered into a marriage contract with you?

"(5) At the time of the marriage wasn't it entered into for the reason and with the understanding that Brooks English would be freed from serving the sentence and that you would stop the prosecution?"

III. Because his Honor, the presiding Judge, committed error in refusing ground for the direction of the verdict on the following grounds:

(1) On the ground of the admission of the State that the prosecuting witness in this case is not dependent on the man she married.

(2) That marriage being a civil contract it was made null and void on the further admission of the State that it was because of the sentence hanging over the defendant that he entered into the contract of marriage and that it was for the purpose of escaping this punishment that caused him to marry the prosecuting witness.

(3) Because the Court committed error in refusing to allow the defendant to prove by the witness, Bradford Quick, misconduct on the part of the prosecuting witness prior to their marriage; it being respectfully submitted that this testimony was competent for the reason that such facts coming to the attention of Brooks English after the marriage would be just ground and reason and excuse for his failure to support the prosecuting witness.

(4) Because his Honor, the presiding Judge, committed. error in refusing to allow the defendant to testify as to the misconduct of the prosecuting witness prior to their marriage; it being respectfully submitted that this testimony in connection with the testimony of Bradford Quick and the additional testimony of misconduct was brought to the attention of the defendant after the marriage would form a basis and would be just ground, reason and excuse for his failure to support.

IV. Because his Honor committed error in charging the jury that if a man should marry a woman for the purpose of escaping the fine and imprisonment provided for in section 389 of the Code that this would not be under duress.

V. Because his Honor committed error in charging the jury that if a man marries under the provision of section 389 that he is legally married, that the ceremony is not void, or voidable, and that such a contract does not apply to the principle, that it is a contract entered into under compulsion.

*Mr. J. K. Owens,* for appellant, submits: *Marriage is a civil contract:* 44 S. C. 195; 36 S. C. 454, *and its obligations are in the nature of debt:* 79 S. C. 14. *Duress avoids it:* 43 S. C. 306. *Desertion not indictable at common law:* 21 Cyc. 1611. *Facts existing before marriage may excuse desertion:* 77 Mo. App. 401.

*Mr. Solicitor Spears* and *Messrs. Townsend & Rogers,* for respondent.

June 30, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant was tried and convicted for a violation of section 697 of the Criminal Code of 1912, the law which makes it a misdemeanor for a husband to abandon his wife

and to fail to support her without just cause. The appeal is from a judgment of imprisonment entered upon the verdict.

There are five exceptions; the second is split into five, and the third is split into four, alleged errors. But the appellant's counsel concedes in his argument that the case presents really only four issues, and he has stated them thus, he contends: (1) That the statute in the case is in violation of section 24, article I of the Constitution of 1895; (2) that the marriage was illegal because had under the provisions of section 389 of the Criminal Code of 1912; (3) that the wife was admittedly not dependent upon her husband for support and that circumstance bars the prosecution; (4) that the husband had "just cause or excuse" to abandon and fail to support his wife, because, before her marriage to him, and without his knowledge thereof until after marriage with him, she had been guilty of gross immorality with other men.

History: The prosecutrix was married to the defendant in the latter part of 1911 when she was 17 years old. The marriage resulted under the proviso of section 389 of the Criminal Code; that which permits a seducer to escape the penalty of his wrong by marring his victim. The defendant abandoned his wife in the early months of 1912, and has admittedly done nothing since then towards her support. She gave birth to three children—one in 1911, one in 1913, and one in 1914, all now dead, and all by the defendant, so she swears. The defendant did not deny the paternity of the first child, but did, by necessary inference, deny that of the others.

It was admitted at the trial on Circuit, that the prosecutrix and the defendant had been married, and that the defendant had abandoned her and failed to supply her with the necessaries of life. The excuse for his conduct is that he had just cause to abandon his wife; that the marriage is of no force, because contracted under compulsion; that

the statute creating the offense is against the fundamental law; that the wife is not dependent upon him for support, because her father is able to do that for her. These defenses are but a restatement of the four exceptions. They will be considered in the order first hereinabove stated.

I. It is true the Constitution of 1895, and for that matter most others, prohibit imprisonment for debt except in cases of fraud. From that fundamental it is argued: (1) That defendant made a contract of marriage with the woman; (2) that his failure to support her constituted a breach of the contract; and (3) that for such breach the legislature cannot penalize the defendant by imprisonment. The argument is not sound; the conclusion is too general for the limited character of the premises.

It is true marriage has been termed by our Courts a civil contract, but it has not been confined to that definition. Issues depend upon it, and results spring out of it which do not follow upon the performance or the breach of other contracts. A relationship is not much simplified by calling it a contract, for thereout may arise multitudinous and different rights.

Coming now to the minor premise of the argument: It is true one of the many obligations of the marriage contract is that resting on the husband to support the wife, however poorly that obligation may in fact be sometimes performed. The implied contract to support is incident to the marriage relation. But the parties to the marriage contract are not alone interested in the performance of the implied obligation to support. All those who constitute organized society have a direct interest in that event. The State has always busied itself about the domestic relations; about marriage and who may contract it, and how women may be protected from the force and stratagem of men; about children, their education, and their employment;

about morality and 'how it shall be preserved in the family. These forces which operate to impair the integrity of the family will finally sap the foundations of the State. Society is interested that the family shall be maintained· first of all by meat and bread. The State may command that in behalf of all its members; it has commanded it by the statute under review. · The penalty .for the breach of the command is imprisonment. But that is. not for any "debt" due by the husband to the .wife.; it is. for the husband's failure to obey society's law, made for society's subsistence.

The case is likened to the criminal statute against bastardy. · There it was held: · ·

"A fine ·imposed for the violation of a ·statute is not a 'debt;' within the constitutional provision forbidding imprisonment for·debt, * * * the term 'debt'· is to be understood as an obligation arising otherwise than from the sentence of a · Court· for the breach· of * * * (a ·public duty)." *State* v. *Brewer,* 38· S. C. 268, 269, 16 S. E. ·1001, 1003, 19 L. R. A. 362, 37 Am. St. Rep. 752. ··

·This case does not fall within the strictures of the *Ex parte Hollman,* 79 S. C. · 13, 60 S. E. 19, 21 L. R. A. (N. ·S.) 242, 14·Ann. ·Cas. 1105. · ·

In our opinion the statute is not within the constitutional prohibition.

II. A ·sufficient answer· to the ·second contention, that the marriage· is void· because contracted· under · duress, is that the defendant would thereby completely evade two statutes, ·that one now under ·review, and · section 389 which penalizes· seduction under ·promise of marriage. · The defendant escaped ·imprisonment for a violation of that statute by marrying· his victim, ·an act made permissible by the proviso to·that ·statute; he now seeks to ·escape imprisonment for a violation· of· section 697, because, ·in· effect, he had ·aforetime violated· another law. There would be ·some manifestation of ·the· spirit of justice, if the· defendant should now, after ignoring 'his marriage

vows, submit himself to be punished for the first wrong he did; but he does not do that. The statute penalizing seduction under promise of marriage has not been directly assailed; but it may be sustained under like principles as the statute now under review. The second exception is, therefore, without merit.

III. The third exception is faulty on its face. To sustain it would be to acquit those wrongdoers who may have married women with parents able to support them, and to convict those wrongdoers who may have married women whose parents are poor.

IV. The last exception involves a construction of those words of the statute which "excuses" the husband to abandon his wife, and the rulings and charge of the Circuit Court thereabout.

The Court was requested by the defendant to charge, and did so charge, that "what is just cause or excuse is a question for the jury." The defendant tendered one witness to prove that the wife after her marriage told the husband that she had before marriage been guilty of incest. The testimony was received. The defendant tendered a witness (Oscar Odom) to prove that before the marriage he and the prosecutrix had been guilty of immoral conduct, unknown to the defendant before marriage. That testimony was received. A witness (Bradford Quick) was tendered to prove like conduct by the prosecutrix with him. The Court ruled "if it is after marriage it is competent; if it was prior to marriage it is incompetent." The witness did not fix the time, and he did not answer. The objection, therefore, that Quick's testimony was rejected cannot avail, because Odom's testimony of like character was received, and so was the testimony about incest. Nor can the defendant object that the Court left it to the jury to ascertain what amounted to just cause; the defendant suggested that view to the Court.

The wife denied the testimony about incest and the testimony of Odom. The issue thereabout was for the jury, and if the jury concluded that the wife swore truly, then the defendant was left without just cause or excuse for his abandonment of her.

In any view of the cause the judgment of the Circuit Court must be affirmed; and it is so ordered.