## 10103

### STATE v. JACOBS.
#### (97 S. E. 835.)

1. CRIMINAL LAW — APPEAL — EXCEPTIONS TO QUESTIONS TO WITNESS.— Exceptions to questions to defendant by the solicitor cannot be sustained, where the grounds of objection to the questions propounded were not stated.

2. WITNESSES — CROSS-EXAMINATION OF DEFENDANT.—Where defendant, charged with having in his possession and storing alcoholic liquors for unlawful purposes, became a witness in his own behalf, he was subject to cross-examination as to conditions surrounding his home, that jury might determine whether liquor was stored for unlawful purpose.

3. CRIMINAL LAW — HARMLESS ERROR — CROSS-EXAMINATION.—Cross-examination of defendant, charged with having in possession and storing alcoholic liquors for unlawful purposes, *held* harmless, in that it showed defendant was acquitted when tried in another case for storing liquor for unlawful purpose.

4. CRIMINAL LAW — DUTY TO PREPARE REQUESTS. — In prosecution for having in possession and storing alcoholic liquors for unlawful purposes, it was duty of defendant's counsel to prepare requests defining unlawful purpose, if they desired ruling thereon.

Before GARY, J., Richland, Fall term, 1918.  Affirmed.

Charlie Jacobs was convicted of having in his possession and storing alcoholic liquors for unlawful purposes, and he appeals.

*Mr. John Hughes Cooper,* for appellant, submits: *"That proof of distinct and independent offenses is not admissible on the trial of a person accused of crime, but there are exceptions to or modifications of this general rule, as where such evidence reasonably tends to show the malice, intent or motive of the defendant with respect to the crime charged, or to show the identity of the defendant and his connection with the crime charged or where the offense is so closely connected with the crime charged as to bring it within the rule of res gestae."* 73 S. C. 279; 73 S. C. 314; 100 S. C. 48; 63 L. R. A. 193.

*Mr. Solicitor W. H. Cobb,* for State-respondent.

January 1, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted of having in his possession and storing certain alcoholic liquors for unlawful purposes.

The defendant testified as a witness, and the record shows that the following took place during his cross-examination by the solicitor:

·"Q. You have a good many whiskey traps about your house?  A. No, sir.  Q. We had you up here last week on

a charge like this, didn't we? Mr. Cooper: We object to that. The Court: I think that is proper to show the surrounding conditions, with a view of enabling the jury to determine, if they find that he had whiskey there, whether or not it was there for an unlawful purpose. And all the surrounding conditions, I think, may be testified to. Mr. Cooper: I would be glad to admit that if this liquor was there in Charlie Jacobs' charge, and he had it stored, that he had it for an unlawful purpose. I believe whoever had that liquor there had it for an unlawful purpose, and I would go on record as admitting that, if the jury believes that Charlie had it there and stored it, it was for an unlawful purpose. The Solicitor: And for that purpose we want to prove a few facts about the house. By the Solicitor: Q. You had a trap under the dining table, didn't you? A. No, sir. Mr. Cooper: I object, and I want to call attention to the fact that this testimony which Mr. Cobb is bringing out now what happened way after this alleged thing for which he is being tried. The Solicitor: That doesn't necessarily mean it was afterwards. The Court: Proceed.

"Being questioned by the solicitor, the defendant then said: I did not have a trap under my dining table. The police did not find a quart under my dining table to my knowledge. The first time that I heard of their finding a quart under the dining table was last week at the mayor's Court. I did not have a friend to fix a place under my dining table. I did not know that any place was there. The only place where whiskey could be hid under the dining table is on one piece which goes across the dining table. The piece is a little wider than my hand. It is a place where the leg sets to hold the table up. I did not know anything about any whiskey being found there. I don't know about any trap in my wife's room. There is a door in one of the closets in my wife's room which was left there by the carpenters, but it is not a trap. There are no boards loose in

there. Redirect examination by Mr. .Cooper: I was acquitted last week when I was tried for storing whiskey in the dining room."

The defendant appealed upon the following exceptions:

1. That his Honor erred in allowing the solicitor to ask the defendant, when he was on the stand as a witness, the following questions: "Q. You have a good many whiskey traps about your house? Q. We had you up here last week on a charge like this, didn't we?"—and in requiring the defendant to answer said questions and to go into the details · of a former trial of·the accused on the charge of storing liquors and into details concerning the arrangements of his premises, the location of closets, trapdoors, and the like, when the said testimony was objected to by the defendant's attorney and when the same was irrelevant to the issue and highly prejudicial to the defendant, inasmuch as the jury got from his said testimony the idea that the accused was a habitual violator o,f the prohibition laws of the State.

2. That his Honor erred in allowing the solicitor to examine the accused, when he was on the stand as a witness, about a transaction involving the storing of liquor at a date subsequent to the commission of the offense alleged in the indictment, when the attorney for the defendant objected to such examination, and in permitting the solicitor to examine the accused touching the storing of liquor at a date subsequent to the date of the offense alleged in the indictment, his Honor erred in allowing irrelevant evidence to go to the jury, since only evidence showing the storing of .liquor by the accused prior to the date of the offense alleged in the indictment was relevant.

3. That his Honor erred in instructing the jury that, if the whiskey was kept by the defendant for an unlawful purpose or stored by him for an unlawful purpose, then he was· guilty, without going further and instructing the jury what · "an unlawful purpose" is under the statute creating the offense of storing alcoholic liquors.

The first and second exceptions will be considered together.

In the first place, these exceptions cannot be sustained, for the reason that the grounds of objection to the questions propounded by the solicitor were not stated.

Furthermore, when the defendant became a witness in his own behalf, he was subject to cross-examination as to the surrounding conditions, in order that the jury might determine whether the liquors were stored by the defendant for an unlawful purpose. *State v. Knox,* 98 S. C. 114, 82 S. E. 278.

Another reason why the exceptions cannot be sustained is that the testimony was not prejudicial, inasmuch as it showed that the defendant was acquitted, when tried in another case for storing liquors for an unlawful purpose. *State v. Mitchell,* 56 S. C. 524, 35 S. E. 210.

The third exception cannot be sustained, for the reason that it was the duty of the defendant's counsel to prepare requests defining an unlawful purpose if they desired a ruling thereon.

Affirmed.