## 12403

### STATE v. ROOF

#### (142 S. E., 238)

CRIMINAL LAW—INSTRUCTION HELD NOT OBJECTIONABLE FOR FAILING TO DEFINE "MANUFACTURING ALCOHOLIC LIQUORS," IN ABSENCE OF REQUEST FOR FULLER INSTRUCTION.—Where fact that whiskey was being manufactured was absolutely established, only issue being whether defendant was connected therewith, instruction that defendant was charged with manufacturing alcoholic beverages and that if jury were satisfied of his guilt beyond reasonable doubt they should find him guilty, otherwise not guilty, sufficiently declared the law applicable as required by Constitution, as against objection that he did not define "manufacturing alcoholic liquors," no request for fuller instructions being made.

Before FEATHERSTONE, J., Lexington, September, 1927. Affirmed.

J. W. Roof was convicted of manufacturing intoxicating liquor, and he appeals.

*Mr. E. L. Asbill,* for appellant, cites: *"Trial Judge shall declare the law":* 26 Am. Dec., 217; 51 S. C., 489; 64 A. S. R., 695; 109 S. C., 253; 58 S. C., 94.

*Messrs. Martin & Sturkie,* also for appellant.

*Solicitor T. C. Callison,* for respondent.

March 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Having been convicted and sentenced in the Court of General Sessions of Lexington County on the charge of violation of the prohibition law, in that he manufactured intoxicating liquor, the defendant has appealed to this Court.

The entire charge of the Circuit Judge was as follows:

"Mr. Foreman and gentlemen of the jury, the defendant, J. W. Roof, is charged in this indictment with manufacturing alcoholic beverages. If you are satisfied of his guilt beyond a reasonable doubt, you will write a verdict of guilty; otherwise, write a verdict of not guilty. Take the record and find your verdict."

There was no request on the part of appellant's attorney for any fuller instructions.

The one exception imputes error on the part of the Circuit Judge because there was a failure to declare the law applicable to the cause. The specific complaint is that the jury should have been instructed as to a definition of the term "manufacturing alcoholic liquors."

In support of this exception the appellant cites three cases decided by this Court, hereinafter referred to, but we do not think they warrant the position taken by the appellant.

In *Wagener v. Parrott,* 51 S. C., 489; 29 S. E., 240; 64 Am. St. Rep., 695, Chief Justice Pope used the following language:

"This Court has held that the provision of the present Constitution, which compels a Circuit Judge to declare the law, while its language is, 'shall declare the law,' means 'shall declare the law applicable to the case then before him.'"

In *Marchbanks v. Marchbanks,* 58 S. C., 92; 36 S. E., 438, it was decided that it was the duty of a magistrate

to instruct the jury as to the law applicable to the case on trial.

In *Collins-Plass Thayer Co. v. Hewlett,* 109 S. C., 245; 95 S. E., 510, Mr. Justice Gage, speaking for the Court, said:

"The jury ought not to be left to cut a way through the woods with no compass to guide it. It is true a Court is not bound to charge all the law, on every phase of the case, at the risk of a reversal for a violation of the Constitution. *It has been frequently held that a party who desires a specific charge, one not embraced in the general charge of the Court, ought to request it."* (Italics added.)

In the case at bar there was direct and positive evidence on the part of the State that the appellant was found at a still where corn whisky was being manufactured with no one else present, and that he was actually engaged in catching the whisky as it ran from the still into a smaller vessel. The testimony further showed that he admitted to the officers who located the still that the still belonged to him and that he was running it.

The fact that whisky was being manufactured was absolutely established. On trial the appellant denied having part in the manufacture of the whisky, or that he had made the confession attributed to him by the officers. Consequently there was no testimony that made it necessary for the trial Judge to enter into a definition of the term "manufacturing." The only issue in the case as made by the testimony was this: Was the testimony of the officers true, or was the testimony of the defendant and his witnesses true?

In our opinion, the charge of the trial Judge sufficiently declared the law as required by the Constitution.

It is the judgment of this Court that the judgment of the Circuit Court be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.