12674

STATE v. REDMOND

(148 S. E., 474)

454

*Messrs. Timmerman & Graham,* for appellant,

*Solicitor T. C. Callison,* for respondent.

June 8, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment charging the defendant with willfully abandoning and failing to support his wife and minor child. Trial before his Honor, Judge Sease, and a jury; verdict "guilty"; sentence, 12 months' imprisonment, with the proviso, in conformity with the statute, for the execution of a bond in the sum of $600, for the payment to the wife, for the support of herself and child, of the sum of $20 per month beginning October 1, 1928.

The defendant contends that the conviction should be reversed upon the several grounds which will be taken up in order.

I. The offense (or offenses) created by the statute consists in the failure to supply the necessaries of life to the wife *or* to the minor unmarried child or children dependent upon the husband and father. The indictment charges that the defendant failed to supply the necessaries of life to the wife *and* minor child. The Circuit Judge, in his charge, permitted a conviction of the double charge upon proof that the defendant failed in his duty to either the wife or the minor child.

We think that the appellant has misapprehended the instructions given to the jury by the Circuit Judge. What he charged was this: "The charge against the defendant, as contained in this indictment, really charges two offenses in the same count, that is, that he willfully and unlawfully abandoned, without cause or excuse, and failed to supply the actual necessaries of life to this wife, that is one charge; and he is also charged in the same language of willfully and unlawfully abandoning, without just cause or excuse and failing to supply the actual necessaries of life to a minor child who is dependent upon him. There are really two charges jumbled in one count of the indictment. Therefore it becomes necessary in the consideration of the case submitted to you, if you find that he is not guilty as *charged* in failing to support his wife, but if you should find that he is guilty of failing to support his child, under the law, you would say so. In other words, if you find him guilty of both charges in the indictment, the one word, 'guilty' will be sufficient. If the State has failed to prove him guilty beyond a reasonable doubt of any charge in the indictment, the form of your verdict will be 'not guilty' which will cover both branches of the case. In other words if you find that he is guilty in failing to support his child you will say so; and if you find that he is guilty of the charge of failing to support his wife, let your verdict speak what you mean to find."

If, as the Circuit Judge held, the indictment contained two separate and distinct offenses, the defendant should have raised the objection by an appropriate motion to have them separately stated. Not having done so he must be held to have waived the objection.

Section 90 of the Code of Criminal Procedure 1922 provides: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer, or

on motion to quash such indictment before the jury shall be sworn, and not afterwards."

The charge is not amenable to the objection urged, and, if it should be so considered, the objection has been waived.

The jury having returned a verdict of "guilty," it can be interpreted only as having found that the defendant had failed in his duty to both the wife and the child as charged in the indictment. They were given the opportunity to exculpate him as to one or the other and declined to do so.

Quote a similar case is reported from the State of Rhode Island. *State v. Sutcliffe,* 18 R. I., 53, 25 A., 654. Under that authority the Circuit Judge would have been warranted in charging the jury that, if they found that the defendant had failed in his duty to either, they could find a general verdict of guilty as charged. The Court there said: "It is a familiar rule of criminal pleading that when a statute makes it an offense to do, or to neglect to do, this 'or' that, using the disjunctive, the complaint may charge conjunctively that the defendant did, or neglected to do, this 'and' that, as the case may be, in a single count; and it is also a familiar rule that, if the jury find the defendant guilty of either of the matters charged in the complaint, they may return a general verdict of guilty in manner and form as charged in the complaint. This being so, it was competent for the jury to return a general verdict that the defendant was guilty in manner and form as charged in the complaint, if they found that he was guilty of neglect to provide according to his means, either for the support of his wife or for the support of his children."

II. That the State is bound to prove that the wife is dependent upon the husband for support. The qualifying words in the statute, "dependent upon him," plainly refer to the minor unmarried children, ap-

parently assuming the dependence of the wife in the absence of opposing evidence.

III. That the Circuit Judge declined to define the term "just cause or excuse." The statute did not attempt to define such exculpating circumstance and manifestly intended it to be committed, as the Circuit Judge did, to the sound judgment of the jury. The fact that he singled out one circumstance which would constitute just cause or excuse was not intended to exclude any other that might be so considered by the jury.

IV. The alleged unconstitutionality of the amending Act of 1925 (Act, Feb. 20, 1925, § 1 [34 St. at Large, p. 143], amending Cr. Code 1922, § 20). Four objections are interposed to the Act: "(1) It is contrary to the constitutional provision against imprisoning a person for debt (Section 24, Art. 1); (2) that it is in violation of the constitutional provision requiring that every Act having the force of law shall relate to one subject, which shall be expressed in the title (Section 17, Art. 3); (3) that the body of the Act goes beyond the scope of the title thereof, and no notice of many of the amendments made is given by the title, and (4) the terms of the Act are so contradictory and misleading as to warrant the inference that the General Assembly was imposed upon in its passage."

The first objection is disposed of by the decision of this Court in *State v. English*, 101 S. C., 304, 85 S. E., 721, L. R. A., 1915-F, 977.

The second objection is based upon the apprehension that the word "penalty" refers only to the bond. We think that it refers to the penalty imposed for a violation of the Act and not to the penalty of the bond.

The third and fourth objections are without merit.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Messrs. Justices Blease, Stabler and Carter and Mr. Acting Associate Justice Graydon concur.

Mr. Chief Justice Watts did not participate.