14950

STATE v. BIGGS

(5 S. E. (2d), 563)

March, 1939.

*Messrs. P. H. McEachin* and *Richard E. Broome.* for appellant, cite:

*Mr. Frank A. McLeod, Solicitor,* for respondent.

October 30, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On the night of October 22, 1933, the store of W. D Harmon, at Hemingway, was broken into and entered, and an iron safe removed therefrom, which contained papers, books of account, and about $800.00 in cash. Several hours later the safe was found on a country road some miles distant from Hemingway. The door of the safe had been blown off, the papers and books burned, and the money stolen. The appellant was charged with the crime and convicted of housebreaking and larceny. The testimony offered by the State tended to prove that he and two or more confederates were the guilty parties.

The first question raised on this appeal assigns error to the lower Court in charging the jury upon the defense of alibi. It is urged that the instruction complained of was too meagre, in that the jury were not specifically told that it was the duty of the State to prove beyond a reasonable doubt that the accused was at the scene of the crime at the time alleged, and engaged in the commission of the crime.

On this phase of the case the jury were instructed:

"An alibi means somewhere else. The defendant pleads alibi and undertakes to prove it, that is, to prove that he was somewhere else when the crime was committed. Therefore he didn't commit the crime. Under the rule which existed for many years that was an affirmative defense and the defendant had to prove that by the greater weight or the preponderance of the testimony. Under our decisions you are to take the alibi along with all the other proof and consider it all. Then you determine whether or not you have a reasonable doubt, whether that reasonable doubt is raised by alibi or by any other testimony or by the lack of any testimony."

In a criminal case it is incumbent upon the State to prove as a part of its case that the defendant was present at the scene of the crime, and actually committed it. The instruction complained of is substantially in harmony with the

principles announced in *State v. Stokes,* 133 S. C., 67, 130 S. E., 337, and *State v. Hester,* 137 S. C., 145, 134 S. E., 885.

The assignment of error appears to us to be hypercritical. The indictment charged that the defendant was present at the time and place, and committed the crime. The purpose of the trial was to determine his guilt or innocence. The defense of alibi and the testimony tending to support it were offered to show that the defendant was somewhere else when the crime was committed. It is impossible to believe that the jury sitting upon the case could have remained in ignorance as to the main point at issue, after listening to the evidence and the instructions of the Court. In another portion of the charge the jury was fully instructed that the burden was upon the State to prove beyond a reasonable doubt, the guilt of the defendant. At the conclusion of the charge the Court inquired of counsel: "Is there any other proposition of law you gentlemen wish me to charge?", and received no response. If a more elaborate instruction was desired, it should have been requested then and there.

It is further objected that the Court's charge upon the question of circumstantial evidence was too short and abbreviated. An inspection of the charge convinces us that there is no merit in the exceptions raising this issue. The jury were charged:

"Where circumstantial evidence is relied upon for conviction, the circumstances must point to the guilt of the accused and be explainable upon no other reasonable hypothesis. In the same case there may be direct testimony as well as circumstantial. A man may say I saw, I heard, I felt. He may testify as an eyewitness, or testify to what he heard or what he saw or both, giving direct testimony. Many crimes are committed where there are no eyewitnesses and circumstantial evidence is relied upon. In some cases there are direct witnesses, that is, witnesses who testify directly, and there are also circumstances, and the State may depend upon

both. The law is that, taking all of the evidence into consideration, that offered by the State and that offered by the defendant, the State of South Carolina must prove the guilt of the defendant beyond a reasonable doubt."

It is true that this instruction might have been expanded. But counsel not only failed to submit any specific request to charge, but were apparently entirely satisfied with the instruction as given.

We have held in cases too numerous to cite, that the failure to request instructions on any particular point, not basic or fundamental, is regarded as a waiver of the right to such instructions and acquiescence in the omission. *State v. McGee,* 185 S. C., 184, 193 S. E., 303.

Furthermore, the prosecution did not rely solely upon circumstantial evidence. The record contains direct and positive evidence from one witness offered by the State to the effect that he saw and identified the defendant at the scene of the crime, and saw him in the actual commission of it.

It is next contended that the Court erred in failing to direct an acquittal of the defendant on the ground that the prosecution failed to produce any testimony tending to connect the defendant with the commission of the crime with which he was charged. No motion for a directed verdict was made, but if it had been made the Court would not have been justified in granting it. There was ample testimony upon which to submit the case to the jury.

The remaining exception imputes error to the trial Judge in failing to charge the jury that the defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt. The Court instructed the jury fully as to reasonable doubt, and there was no request for a specific instruction as to presumption of innocence. Under the following authorities his failure to charge as to such presumption was not reversible error: *State v. Johnson,* S. C., 156 S. E., 351; *State v. Adams,* 68 S. C., 421, 47 S.

E., 676; *State v. Rouse,* 138 S. C., 98, 135 S. E., 641; *State v. McGee, supra.*

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and BONHAM concur.

MR. JUSTICE BAKER did not participate.