15756

STATE v. ESKEW

(34 S. E. (2d), 767)

the trial Judge; but the trial Judge then told the jury, at the suggestion of counsel for the respondent Martin that .the law did not allow him to pass on any question of fact in the case, and that he was not intimating any view he may have of the case; that he was trying to tell them "what the law is".

Appellant's complaint and testimony precluded the jury from basing a verdict for damages against the respondent Martin by reason of the "milk bottle" episode, and therefore the Judge's charge could not have "eliminated the assault with the milk bottle".

We have carefully read and reread the charge of the trial Judge and his colloquy with appellant's counsel, and are unable to perceive wherein the Judge belittled the appellant's cause of action, or praised the respondent Martin for not using a weapon, or expressed any opinion on the facts of the case.

The reasonably substantial verdict rendered under the circumstances. of this case is indicative that the jury understood that it was the arbiter of the facts and that it was not affected by the remarks of the trial Judge in reminiscing about his school days; and further, the record shows that such remarks were personal and directed to counsel for appellant and constituted no portion of his charge to the jury although made in its presence.

The Judge, let us repeat, was careful to tell the jury: "The law does not allow me to pass on any question of facts and I am not intimating any view I may have of this case. I am trying to tell you what the law is."

Appellant's exception 3 has not been argued and is, therefore, deemed to be abandoned.

Appellant's exception 6 does not comply with Section 6 of Rule 4 of this Court, and therefore will not be considered.

The judgment appealed from is reversed, and the case is remanded to the Circuit Court for a new trial as to Mrs. Elbert, but is affirmed as to the respondent Martin.

*Mr. Leon W. Harris,* of Anderson, S. C., Counsel for Appellant,

*Solicitor Rufus Fant,* of Anderson, S. C., Counsel for Respondent,

July 23, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court.

This appeal comes to this Court from the General Sessions Court of Anderson County where the complaining witness, Mrs. Nellie Eskew, procured a warrant charging her husband, James H. Eskew, the defendant, with abandonment and nonsupport of herself and five children. On Oc-

tober 11, 1944, defendant made bond for his appearance at the succeeding term of Court. At the term of Court beginning Monday, November 20, 1944, a bill of indictment was returned by the Grand Jury charging the defendant with abandonment and nonsupport, one count with reference to his wife and five separate counts with reference to the children. On Saturday, November 25, defendant was tried in his absence, found guilty, and a sealed sentence imposed. Court adjourned *sine die* Saturday, November 25, 1944. A bench warrant was issued for the arrest of the defendant, and on December 4 he went before the Clerk of Court and had the sentence opened and read to him and immediately thereafter served notice of intention and does now appeal to this Court.

The first question raised is whether or not the Presiding Judge violated Art. 5, Sec. 26 of the Constitution of 1895, which provides that "Judges shall not charge juries in respect to matters of fact, but *shall declare the law*" in that he did not elaborate upon or explain sufficiently to the jury the meaning of:

(a) "an Able Bodied Man or a Man Capable of Earning or Making a Livelihood," (First Exception.)

(b) "Without Just Cause or Excuse," (Second Exception.)

(c) "Abandon or Fail to Supply the Actual Necessaries of Life," (Third Exception.)

The appellant was indicted under Sec. 1123 of the Code of 1942 and the Judge in his charge to the jury read this section charging them in clear and concise language as to the legal principles involved. The phrases are composed of the most ordinary words and appellant could not have possibly been prejudiced by the failure of the Court to charge more fully the meaning of such simple phrases. Had appellant desired the Court to define the phrases it was his duty to make his wishes known. *State v. Wardlaw,* 153 S. C., 175, 150 S. E., 614; *State v. Hendrix,* 86 S. C., 64, 68 S. E.,

129; *State v. Chastain*, 85 S. C., 64, 67 S. E., 6; *State v. Harrell et al.*, 142 S. C., 24, 140 S. E., 258; *State v. Craig*, 161 S. C., 232, 159 S. E., 559; *State v. Roof*, 144 S. C., 118, 142 S. E., 238; *State v. Jacobs*, 111 S. C., 283, 97 S. E., 835; *State v. Stafford*, 193 S. C., 474, 8 S. E. (2d), 849; *State v. Du Rant*, 87 S. C., 532, 70 S. E., 306; *State v. Dodson*, 16 S. C., 453.

The fact that defendant was not in Court and could not make the request for amplification of the charge avails him nothing, since he gave bond on October 11, 1944, for his appearance at the succeeding term of Court and now offers only the excuse that the complaining witness misled him by leading him to believe the case would not be tried. It was his duty to comply with the provisions of the bond and in the absence of a proper showing will be charged therewith. The Presiding Judge substantially charged the law applicable to the case and no request being made for further charges all exceptions relating thereto are hereby overruled as being without merit.

The appellant further contends that the indictment was fatally defective as to the first count in that it failed to charge that his wife, Mrs. Nellie Eskew, was "dependent upon him". Section 1004, Code of 1942, provides "every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn, and not afterwards."

Section 1003, Code of 1942, provides "every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting same, or so plainly that the nature of the offense charged may be easily understood; and if the offense be a statutory offense, that the same be alleged to the contrary to the statute in such case made and provided."

The indictment in instant case charged the exact language of the statute, therefore this exception is without merit. *State v. English,* 101 S. C., 304, 85 S. E., 721, L. R. A., 1915-F, 977; *State v. Redmond,* 150 S. C., 452, 148 S. E., 474.

The next question raised is whether or not there was error in the sentence of the Court in that payment was to be made to Nellie Eskew without limitations and without stating therein what the money was to be used for.

The sentence is as follows:

"It is the sentence of the Court that the defendant, James H. Eskew, be confined at hard labor upon the public works of Anderson County or in the State Penitentiary for a period of one year, or pay a fine of Fifteen Hundred ($1,-500.00) Dollars, upon the payment of said fine Fourteen Hundred and Fifty ($1,450.00) Dollars thereof will be turned over to his wife, Nellie Eskew, for the support of herself and her five (5) minor children and Fifty ($50.00) Dollars thereof paid to the County of Anderson. Provided further that if the defendant enter into a good and sufficient bond in the sum of Two Thousand ($2,000.00) Dollars, to be approved by the Clerk of this Court, conditioned upon the payment of Thirty-five ($35.00) Dollars each week to be paid on the 1st of each week hereafter to the said Nellie Eskew, that this sentence be suspended. Provided further that if the defendant fails to give the bond as herein required, or fails to make payments thereunder, that the Clerk of Court is hereby ordered and directed to issue a bench warrant for his arrest for the service of such sentence. November 25th, 1944."

The statute under which the defendant was sentenced is Section 1123, S. C. Code of Laws for 1942, and reads in part as follows:

"* * * shall give bond, with one or more sureties, approved by the clerk of the court, in the sum of not less than

$100.00, nor more than $3,000.00, *under such terms and conditions as the court in its discretion may deem wise and proper* for the maintenance and support of the defendant's wife or minor unmarried child or children * * *" (Italics ours.)

The appellant also raises the question that the sentence is excessive; with this exception the Court cannot agree. Therefore, all exceptions are overruled and the judgment and sentence of the lower Court is affirmed.

At the time of the hearing of this appeal the defendant also made a motion to suspend the appeal to this Court and that he be granted leave to make a motion for a new trial in the General Sessions Court in and for Anderson County, S. C., upon the following grounds:

"1. Upon after-discovered evidence.

"2. For the reason that the prosecuting witness had misled Defendant-Appellant in stating that she did not intend to prosecute the case (which had been her practice on previous occasions).

"3. For the reason that the prosecuting witness's testimony was false and misleading and that Defendant-Appellant was not guilty of the charge against him."

This motion now becomes academic in view of the foregoing. However, for the purposes of the record this Court is of the opinion that the showing made was insufficient and is therefore denied.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.