15920

STATE v. LYLES

(41 S. E. (2d) 625)

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, for Appellant, cite:

*Mr. T. Pou Taylor,* Solicitor, of Columbia, for the Respondent.

February 28, 1947.

OXNER, A. J.: Upon an indictment charging the offense of assault and battery with intent to·kill, appellant was tried and found guilty of assault and battery of a high and aggravated nature. The trial Judge imposed a sentence of two years. The alleged assault occurred in the City of Columbia at about 9:00 P. M. on July 31, 1946.

The first three exceptions impute error on the part of the trial Judge in permitting the solicitor to propound certain questions which appellant contends were leading. Although these exceptions are not referred to in appellant's brief, they were orally argued. It is well settled that where an objection is made to a question on the ground that it is leading, a wide discretion is vested in the trial Judge and his ruling thereon will not be disturbed in the absence of abuse of discretion. *State v. Marchbanks,* 61 S. C. 17, 39 S. E. 187; *State v. Williams,* 76 S. C. 135, 56 S. E. 783; *State v. Hester et al.,* 137 S. C. 145, 134 S. E. 885; *State v. Cook,* 204 S. C. 295, 28 S. E. (2d) 842. We find no abuse of discretion in the instant case.

Exception 8 grows out of the cross-examination of the only character witness offered by appellant. This witness testified on direct examination that she had known appellant for approximately fifteen years and that his reputation as a

peaceable and law-abiding citizen was good. On cross-examination by the solicitor, she was asked whether she knew that appellant had been tried for murder in the Court of General Sessions for Richland County. Appellant's counsel then stated that the murder charge resulted in an acquittal by direction of the Court and objected to asy further reference to that offense. The objection was overruled and the witness stated that she remembered the trial. The murder charge was not again referred to until after the witness was cross-examined as to her opportunity for knowing appellant's reputation. She was then asked if she was present when appellant was tried for murder. Appellant's counsel objected. The objection was sustained and the Court ruled that the solicitor could not again refer to this charge. Thereupon appellant's counsel procured the record in that case and introduced same which disclosed that the murder charge against appellant resulted in a verdict of "not guilty by direction of the Court".

Appellant contends that the Court erred in permitting the solicitor to interrogate this witness as to the murder charge because (1) the State could not rebut evidence of good character by showing that appellant had been previously charged with some particular crime, and (2) it was improper in any event to inquire into a charge upon which appellant had been tried and acquitted.

While there are some cases to the contrary, the overwhelming weight of authority supports the view that a character witness, testifying to the good reputation of the accused, may be asked on cross-examination with respect to rumors or reports of particular crimes or acts imputed to the accused involving traits of character which the accused has put in issue, not for the purpose of establishing the truth of such charges, but to test the witness's credibility and to enable the jury to ascertain the weight to be given to his testimony. See annotation in 71 A. L. R., page 1504. An extensive review of the cases, as well as the views of various textwriters, will also be found in the well-considered case of

*Spalitto v. U. S.* (C. C. A., 8th Circuit), 39 F. (2d), 782. The decisions of this Court have been in harmony with the general rule. *State v. Merriman,* 34 S. C. 16, 12 S. E. 619; *State v. Dill,* 48 S. C. 249, 26 S. E. 567. In *State v. Merriman, supra,* the Court said: "There can be no doubt that when a witness is put upon the stand to attack or defend character, he can only be asked on the examination in chief as to the general character of the person whose character is in question, and he will not be permitted to testify to particular facts, either favorable or unfavorable to such person; but when the witness is subjected to cross-examination, he may then be asked, with a view to test the value of his testimony, as to particular facts. In the eye of the law the character of a person is to be ascertained by an inquiry as to what is generally said or thought of him in the community where he resides. Hence when a witness has testified on his examination in chief that the person, as to whose character the inquiry is instituted, bears a good character, his opinion and the value of it may be tested by asking the witness on his cross-examination whether he has ever heard that the person, whose character is in question, has been accused·of doing acts wholly inconsistent with the character which he has attributed to him."

Such cross-examination is subject to the discretionary control of the trial Judge who should restrain its abuse. The cross-examiner must be fair and act in good faith. The matters required about should not be merely chimerical, or drawn from the vivid imagination of opposing counsel, but the inquiry should be directed only to those matters concerning which the cross-examiner has information warranting a reasonable belief on his part that the fact is as is implied by the question.

It is clear from the foregoing authorities that it was permissible for the solicitor to inquire of this character witness whether she had ever heard of appellant's being charged with murder. It developed during this cross-examination that the charge referred to resulted in

an acquittal. This fact only went to the weight of the testimony. Moreover, it is difficult to perceive under these circumstances how appellant could have been prejudiced. *State v. Jacobs,* 111 S. C. 283, 97 S. E. 835.

. Exception 7 has been abandoned. The remaining exceptions (4, 5 and 6) relate to omissions in the charge to the jury.

Under exception 6 it is contended that the trial Judge erred in failing to charge that the jury "had a right to consider the defendant's good character and reputation and that it was a substantial fact in the case, if proven, and should be considered by the jury  *  *  *". There can be no doubt of the right of appellant to put in evidence his good character and it was "for the jury to consider it in connection with the other evidence, and determine what force and effect it should have". *State v. Barth,* 25 S. C. 175. The good reputation of the accused, if proved, may be taken into consideration by the jury in determining whether or not he committed the crime charged. *State v. Hill,* 129 S. C. 166, 123 S. E. 817. There was no request to charge to this effect and at the conclusion of the charge the Court's attention was not called to the omission now complained of. Under these circumstances such omission cannot now be assigned as error. It is true that the Constitution requires Judges in charging juries to "declare the law", but, as stated in *State v. Adams,* 68 S. C. 421, 47 S. E. 676, "the right to have all the law declared may be waived like any other right, and an omission acquiesced in." In *State v. McGee,* 185 S. C. 184, 193 S. E. 303, the Court said: "It is a rule of general application that, if instructions given are correct as far as they go, it cannot be assigned as error that the Court omitted to instruct on all points involved in the case if the attention of the Court has not been directed thereto by special request for instructions on those points, unless the omission is as to a matter which is basic or fundamental." Accordingly, it has been held that the failure to charge the jury that the defendant is presumed to be inno-

cent until his guilt is established beyond a reasonable doubt does not constitute reversible error where the omission was not called to the attention of the Court, *State v. Biggs,* 192 S. C. 49, 5 S. E. (2d) 563; and that an accused cannot except to the failure of the Court to give a charge on accidental killing where he did not present a request to charge embodying that phase of the case, *State v. Wilson,* 115 S. C. 248, 105 S. E. 341.

Exception 4 relates to the alleged failure of the trial Judge to define the phrase "preponderance of the evidence". The Court charged the jury that the plea of self-defense was an affirmative defense which must be established "not beyond a reasonable doubt, but by the greater weight or preponderance of the testimony", but if the jury had a reasonable doubt as to whether appellant "had made out his plea of self-defense", it would be the duty of the jury "to give him the benefit of that doubt and consider the plea of self-defense as having been made out." We think from this charge the jury understood the measure of proof required on this plea. If appellant desired a more extended explanation of the degree of proof required to establish this defense, it was incumbent upon him to request it. There is no merit in this exception. In *State v. McGee, supra* (185 S. C. 184, 193 S. E. 303), the defendant was charged with murder and interposed a plea of self-defense. The trial Judge in his charge explained the elements essential to establish a plea of self-defense but neglected to state the degree of proof necessary to make out the several elements. As stated in the opinion, the trial Judge "did not particularize the degree of proof required of the defendant to establish his defense." It was held that the omission did not furnish a proper ground for complaint where no specific request to charge along that line was made and the omission was not called to the attention of the Court by counsel. Also, see *State v. Harrell et al.,* 142 S. C. 24, 140 S. E. 258; *State v. Roof,* 144 S. C. 118, 142 S. E. 238; *State v. Dodenhoff,* 153 S. C. 7, 150 S. E. 315.

Apparently under exception 5 it is contended that the Court erred in failing to charge that the offense of assault and battery of a high and aggravated nature must be proved by the State beyond a reasonable doubt. The Court commenced the charge by stating that the appellant was charged in the indictment with the offense of assault and battery with intent to kill and then stated: "To this indictment, the defendant has entered a plea of not guilty, and having done so, the law clothes him with a presumption of innocence, which presumption stays with him throughout the entire trial of the case, until the State convinces all twelve of the jury beyond a reasonable doubt that he is guilty." This was followed by giving the usual definition of reasonable doubt and an instruction to the effect that it was the province of the jury to pass upon the facts and the credibility of the witnesses. The Court then defined the offenses of assault and battery with intent to kill and assault and battery of a high and aggravated nature (simple assault was not submitted), after which the usual charge as to self-defense was given.

We think the complaint now made is hypercritical for the jury could not have failed to understand from the charge that the appellant could not be convicted of either grade of assault and battery submitted unless the jury was satisfied of his guilt beyond a reasonable doubt.

Judgment affirmed.

BAKER, CJ. and FISHBURNE, STUKES and TAYLOR, JJ., concur.